No. 52.—NEWTON J. CARR, plaintiff in error *vs.* THE STATE OF GEORGIA, defendant in error. *

[1.] Newly discovered evidence, that deceased bought a pistol and shot, declaring that he [intended to kill the prisoner, some weeks before the homicide, without proof that the prisoner knew of the new facts and threat, is not sufficient to authorize a new trial.

[2.] If with newly discovered evidence, the case is, in the judgment of this Court in law, such as the verdict of the jury found it, a new trial will not be awarded.

---

* See *Carr vs. The State,* (13 *Ga.* 328.)

Manslaughter and motion for new trial, in Hancock Superior Court.    Decision by Judge BAXTER, April Term, 1853.

After the hearing and decision of the motion for a new trial in this case—reported in *Volume XIII, pp.* 328, 334— another motion for a new trial was made, on the ground of newly discovered evidence ; and in support of the motion, the prisoner produced, in addition to his own, the following affidavits :

1st. *W. A. Lowry's :* " That on or about the 12th Nov. 1851, he was in Milledgeville, and saw George W. Youngblood (the deceased) in the store of Otis Childs, purchasing a rifle pistol ; that said Youngblood said that he had purchased the pistol to kill Newton J. Carr, (the defendant) to which deponent said that was a bad business ; Youngblood replied, that he would be d——d if he did not kill Carr with said pistol. Youngblood then gave Joseph Hudson ten cents or a sevenpence, and directed him to go and purchase for him some large buck-shot, saying that he wanted them to kill a d——d rascal —saying as Hudson went off, that he meant said Carr."

2. *James R. Gunn's :* " That on the day that Youngblood was killed, and about the time of day that he afterwards understood that Youngblood was killed, deponent, with his wife, were about one-fourth of a mile from the place of shooting ; and that deponent heard the report of two pistols or guns fired off in quick succession—almost at the same time."

Explanatory of the bearing of the testimony, was filed the affidavit of *Levi Jenkins* (whose testimony was known to the party at the time of the trial) to effect : " That on the day of the homicide, Carr came to deponent's house, and soon thereafter deceased arrived.    Carr spoke to him friendly, and said, ' Good morning, George—I have found the rope.'    Deceased did not return the compliment, but said, ' Newton you have rode that horse too hard.'    Carr replied ' I have not rode him hard, nor even as hard as he wanted to come.'    Deceased replied in an angry tone, ' I'll be d——d if you have not rode him hard.'    Carr replied, ' George, if your father had

hired me to bring out the rope for him, and I had lost it, and you had rode my horse after it until there was not a dry hair on him, I would not have said a word—and he is not your horse, no how ; and you talk to me worse than if I was a negro.' Carr then turned off and went into the house, and said as he went, 'I want no difficulty with you.' Deceased remarked, as Carr went off, 'The ride shall do you no good, for I will be d——d if I don't kill you before night.' Deponent saw the butt of a pistol sticking out of his breast. Afterwards, deponent told Carr the threat that deceased made. Carr said that he and his wife were going down to his mother-in-law's, and insisted that deponent should go with him ; which deponent promised to do, but was prevented."

The presiding Judge refused the motion for a new trial, holding that a motion for a new trial, upon the ground of newly discovered evidence, after the adjournment of the Court, and after a bill of exceptions had been taken to this judgment of the Court, overruling the motion for a new trial, should show testimony so strong as to leave but little doubt that the defendant was innocent.

Upon this decision error has been assigned.

JAMES THOMAS, for plaintiff in error.

Sol. Gen. WEEMS, for defendant.

*By the Court.*—NISBET, J., delivering the opinion.

[1.] It is very clear that a new trial cannot be awarded in this case, upon the newly discovered facts, as testified to in the affidavit of W. A. Lowry. The purchase of the pistol and buck-shot, and the declarations of the deceased, made at that time, that he had bought the pistol to kill Carr, the prisoner, were some weeks anterior to the killing. They are not admissible in evidence, because it cannot be presumed that Carr acted under their influence in slaying Youngblood, without knowledge of them ; and there is no evidence whatever, of no-

tice to him, of the purchase of the pistol and shot, and of the threats. This view is quite sufficient for this branch of the case.

The testimony of Levi Jenkins, not being newly discovered testimony, is not relied upon by counsel for plaintiff in error; and is inserted in the record for the purpose of showing more fully the bearing on the case, of the new facts sworn to by James R. Gunn. We are willing to read those facts in the light of Jenkins' affidavit; and still are constrained to deny a new trial. Gunn swears, that on the day, and about the time of the day that Youngblood was killed, he was about one-fourth of a mile from the place of the shooting; and that he heard the report of two pistols or guns, fired off in quick succession— "about at the same time." The material new fact here, is the report of two guns about the same time; and it is claimed to be material, to show to the jury that the deceased, when the parties met in the field, fired, and may have fired first; and thus lay the foundation for defence. This fact, counsel insists, becomes very important, when taken with the threat which Jenkins proves, and of which he informed Carr, made by Youngblood, that he would kill Carr.

[2.] Let it be conceded, that Carr knew of that threat—and let it be conceded that Youngblood fired at the rencontre; and still, we think that the law adjudges it a case of manslaughter. The getting over the fence, and the advance to meet deceased, who was also advancing, must, even with the new evidence, characterize this as a case of manslaughter.— For the facts of the case, which I do not think it necessary here to detail, see the same case, upon a former writ of error, 12 *Ga. R.* 328. If the case is, in law, what the Jury found it, manslaughter, with the newly discovered evidence considered, then we will not award a new trial; for the law of the case must rule it.

Let the judgment be affirmed.