Vason *vs.* The City of Augusta.

WILLIAM J. VASON, plaintiff in error vs. THE CITY OF AUGUSTA, defendant in error.

1. The statute of 15th of February, 1856, enacts that the City Council of Augusta shall be and they are hereby authorized to elect an officer to be known as Recorder, in whom they may vest exclusive jurisdiction of all violations of their ordinances, etc. The Act also provides that said Recorder shall be elected and hold his office for the term of two years, shall take an oath *before the Mayor* well and truly to discharge the duties of his office, etc. *Held*, 1, that the object of this Act was to promote good government and order in the city, and that it was the duty of the Council to elect a Recorder, and that it was clearly the intention of the legislature, that the office of Mayor and the office of Recorder, should be separate and distinct offices, filled by different persons, one of whom is required to take the oath of office before the other, and that the provision in the statute which authorizes the City Council or Mayor, in the absence of the Recorder, to appoint one of their body to preside in the Recorder's Court, contemplates the temporary absence of the Recorder, and does not authorize the City Council to abolish the office of Recorder, and direct the Mayor permanently to act as Recorder.

2. The City Council of Augusta have power to establish such by-laws, rules and ordinances as shall appear to them requisite, and necessary for the security, welfare and convenience of the city, or for preserving peace, order and good government within the same, not repugnant to the Constitution and laws of the land.

3. Any person who shall erect or continue, *after notice* to abate, any nuisance, which tends to annoy the community or injure the health of the citizens in general, or to corrupt the public morals, is liable to indictment under the Penal Code of this State. The legal offence of continuing a nuisance is not complete before notice to abate. And until the notice is given, and the lngal offence is complete, the city authorities have power as a police regulation, to punish for the continuance of such nuisance, as would subject the offender to indictment after notice to abate. But when the offence against the Penal Code is complete, they have only the power to bind over the offender to the proper court, to answer for the offence.

4. A landlord who has leased premises to a tenant is not liable for a nuisance maintained upon the premises, by the tenant, during the lease. If the nuisance existed upon the premises when the lease was made, the landlord is liable. But if the tenant continues the nuisance after he obtains exclusive possession and control, he alone is liable for its continuance. As the landlord, under our statute, is liable for necessary repairs on the premises, if the nuisance grows out of his neglect to make the repairs, the tenant may make them, and set off their reasonable value against the rent due the landlord.

Vason *vs.* The City of Augusta.

Nuisance. Jurisdiction. Landlord and Tenant. *Certiorari.* Before Judge GIBSON. Richmond Superior Court. June Term, 1868.

Foster Blodgett was Mayor of the City of Augusta, and acting as Recorder thereof. As Recorder, he issued a summons requiring Vason to answer for an alleged violation of an ordinance of said city. That ordinance was, "no person shall keep on his or her premises any nuisance to the annoyance of his or her neighbors. Any person so annoyed may complain to a member of Council, belonging to his or her ward, who shall require, in writing, an abatement of the nuisance complained of, in twenty-four hours. Should the nuisance not be abated or removed, at the expiration of that time, for every day following, the person on whose premises it remains, may be fined in a sum not exceeding twenty dollars. No person shall empty any privy, sink, water-closet or cistern connected therewith or cause the same to be done, at any time, except between the hours of 12 o'clock, P. M., and 4 o'clock A. M., under a similar penalty."

Vason appeared and objected to the jurisdiction of the Court, upon the grounds: 1st. Because, Blodgett being Mayor could not issue a summons as Recorder, and was not Recorder because his appointment was illegal. 2d. Because said ordinance covered a crime punishable under the Penal Code of the State, was therefore illegal and the Recorder had no jurisdiction over such crime. 3d. The ordinance was illegal, because it prescribed a punishment for such crime, different from that prescribed by the said Code.

Blodgett overruled the objections and proceeded with the trial. The evidence showed that Vason, as trustee, owned a lot in Augusta, occupied by Butt and others as his tenants and which Butt, or Butt and Brother had occupied for eighteen years, then last past. The nuisance complained of was a privy, on said lot attached to Butt's store, and which was twelve years old. It was offensive. Neighbors had complained of it to the inspector, and he notified Vason of the complaints. A member of Council had also given him

notice in writing. He refused to abate the nuisance, saying it was the duty of the tenant. Vason's counsel insisted upon this also before Blodgett, but he held that Vason was liable for the nuisance, and fined him $20 00. Vason sued out his *certiorari.* Besides the foregoing facts the answer to the *certiorari,* showed that in January, 1868, an ordinance was passed by the Mayor and Council, ordaining that " the Mayor of the city be required to act as Recorder, without salary," and repealing all conflicting ordinances. The conflicting ordinance referred to was as follows : " The Recorder shall be elected annually, on the second Saturday in January. He shall preside in the Recorder's Court and perform such duties as are hereinafter required of him, and shall receive a salary of eight hundred dollars *per annum.*" Subsequent sections gave to his court exclusive jurisdiction over violations of the city ordinances, etc.

Judge Gibson overruled each of the points in the *certiorari,* and error is assigned accordingly.

C. Sneed, (by Montgomery) for plaintiff in error.

J. T. Shewmake, for defendant in error.

Brown, C. J.

1. The 16th section of the Act of the Legislature, passed 15th of February, 1856, declares : " That the City Council of Augusta shall be and they are hereby authorized to elect an officer to be known as ' Recorder,' in whom they may vest exclusive jurisdiction of all violations of their ordinances, and he shall have power to try and determine the same," etc.

The 17th section enacts that, " said *Recorder* shall hold his courts at such times and places as said City Council may prescribe, and they shall direct the mode of summoning or bringing up parties for trial. In the *absence* of the Recorder, the City Council or Mayor may appoint one of their body to preside in said Recorder's Court."

The 18th section provides, that, "said Recorder *shall* be elected and hold his office for the term of two years, shall take

an oath before the Mayor well and truly to discharge the duties of his office," etc.

Under these enactments, we think it was the duty of the City Council to elect a Recorder. The legislature had in view the preservation of order, and the promotion of good government in the city, in conferring the authority upon the City Council to elect said officer, who is to fill the place, in fact, of a Judge of the Criminal Court of the city; and it is not mere matter of option, but it is the duty of the City Council to elect said officer in accordance with the statute, from time to time.

This view is abundantly sustained by authority. In the case, of the King vs. the Inhabitants of Derby (Skinner 370) a motion was made to quash the indictment found against the inhabitants for refusing to meet and make a rate to pay the constable's tax, on the ground that the statute was not imperative, but merely "they may meet," etc. The Court held that *may*, in the case of a public officer is tantamount to *shall*, and if he does not do the act required, he shall be punished.

The Statute of 14th Car., 2 Ch. 12, says the church wardens "shall have *power* and *authority* to make a rate," etc. It was insisted that this act simply invested them with power to make the rate, but that it was not obligatory, and they were not punishable for neglecting it. The Court held otherwise, observing that when a statute directs the doing of a thing for the sake of justice or the public good, the word *may* is the same as the word *shall*. 2 Salk., 609; Carth, 293. And it was added that, when a statute says a sheriff *way* take bail, this is construed he *shall*, for he is compelled to do so. See also 3 Atk., 166; 1 Wend., 537; 5 J. Ch. Reps., 113; 5 Con., 188.

If, however, we were to admit that it was within the discretion of the City Council to organize said office of Recorder under the statute or not, having exercised that discretion in the organization of the Court, they had no right to abolish the office, 3 Hill's N. Y. Reps., 615, 616.

The Recorder, when elected, is required to take the oath of

office before the Mayor. And the City Council or Mayor, may appoint one of their body to preside in the Recorder's Court in his absence.

We think it very clear that the City Council have no right under this Act to remove the Recorder and appoint the Mayor *permanently* to act as Recorder. They may, by a provision of the statute, remove the Recorder (for cause) by a vote of two-thirds of all the members of the Council. But it can only be done for cause, and in that case, it is very clear that it is their duty to elect another Recorder to fill the office from which they have removed the incumbent. And they have no right to elect the Mayor to fill the vacancy, as the Recorder must take the oath of office before the Mayor, and it would be absurd to say, that he could take the oath of Recorder before himself as Mayor. He may, by appointment of the City Council, preside, not in his own court, but in the "Recorder's Court" in his absence. The statute doubtless contemplates the case of the *temporary* absence of the Recorder.

2. The City Council have the authority under the charter to establish such by-laws, rules and ordinances, as shall appear to them requisite and necessary for the security, welfare and convenience of the city, for preserving peace, order and good government, within the same, not repugnant to the constitution and laws of the land. Under this authority they may make all such rules and regulations as the health, comfort and convenience of the people, under their jurisdiction, may require, and may provide for the punishment of all such offenders against their ordinances as are not under the constitution and laws, punishable in the Criminal Courts of this State. They may also bind over all offenders who violate the Penal Code of this State, within said city, for trial in the proper Courts.

3. Section 4478 of the Revised Code enacts, that any person who shall erect or continue, *after notice to abate,* any nuisance, which tends to annoy the community, or injure the health of the citizens in general, or to corrupt the public morals, shall be indictable and punishable. We hold that, the indictable offence is not complete under this section, be-

Vason *vs*. The City of Augusta.

fore notice to abate, and that the City Council may cause to be punished any person who maintains a nuisance in the city violative of their ordinances, at any stage previous to the consummation of the offence under the Penal Code. But if the offence is complete under the Penal Code, they should bind over the offender for trial in the court having jurisdiction of the offence. They may also take the legal steps to have the nuisance abated.

4. The only remaining question made by this record is, the liability of Vason for the alleged nuisance maintained upon the premises by Butt, his tenant.

As we understand the rule, the landlord is not liable for a nuisance maintained by his tenant during the period of the lease. The landlord is liable, however, for any nuisance which may exist upon the premises at the time he makes the lease. Taylor's landlord and tenant, 95. But if the tenant continues the nuisance, after he obtains exclusive possession and control, he alone is liable for its continuance. As the evidence shows that Butt, the tenant, had occupied the premises for the last eighteen years, we do not think the landlord was liable for a nuisance maintained upon them.

Section 2258 of the Revised Code makes it the duty of the landlord to keep the premises in repair. And it is insisted in this case that the failure of the landlord to make the necessary repairs aggravated, if it did not cause the nuisance. The evidence to establish this is not very satisfactory. But, if it were established, that the nuisance grew out of the failure of the landlord to make the repairs, this could not relieve the tenant, as he might have made them and charged them to the landlord, and he might set-off their reasonable value against the rent due the landlord, unless he had, by contract with the landlord, bound himself to make the repairs.

Judgment reversed.