ROTHSCHILD vs. THE CITY OF DARIEN.

1. A municipal corporation cannot legislate on subjects already made offences and punishable by the laws of the state; therefore, an ordinance making it punishable to exercise any labor, calling or business connected with one's daily avocation on the Sabbath day, was pro tanto void.

2. A provision in a city ordinance making it penal to "open any store for the sale of merchandise of any kind or sort, works of necessity etc., excepted," was not covered by the state law, and could be enforced.

(a.) The evidence before the police court in this case did not bring the defendant within the operation of that portion of the ordinance which could be enforced.

3. The summons was sufficiently certain to apprise the defendant of the nature of the charge against him.

| 69 | 503 |
|----|-----|
| 88 | 409 |
| 69 | 503 |
| 95 | 421 |
| 69 | 503 |
| 102 | 843 |
| 69 | 503 |
| 103 | 446 |
| 69 | 503 |
| 109 | 493 |
| 69 | 503 |
| 116 | 549 |
| 69 | 503 |
| 126 | 63 |

January 23, 1883.

Criminal Law. Municipal Corporations. Laws. Before Judge TOMPKINS. McIntosh Superior Court. May Term, 1882.

Rothschild was summoned to appear before the police court of the city of Darien, the summons served upon him being as follows:

"POLICE OFFICE, DARIEN, GA., February 9, 1880.

*Mr. Charles Rothschild:*

You are hereby summoned to appear before the police court at 10 o'clock A. M., on Monday, February 9, 1880, you being charged with the offence of breach of ordinance in selling goods on the Sabbath day, February 8, 1880, in the city of Darien, county of McIntosh. Herein fail not, under penalty of fifty dollars.

SPALDING KENAN, clerk of council."

On the hearing, the evidence showed that defendant had sold one pair of shoes and exchanged several others on the Sabbath. He was adjudged guilty, and carried the case to the superior court by *eertiorari.* Among the grounds of error alleged were that the police court refused to dismiss the summons as not being sufficiently specific, and also that the judgment was void, because if any offence was committed it was against a state and not a municipal law. The court overruled the *certiorari,* and defendant excepted.

W. A. WAY; LESTER & RAVENEL, for plaintiff in error.

W. R. GIGNILLIAT, by VAN EPPS, CALHOUN & KING, for defendant.

HALL, Justice.

Rothschild was summoned before the police court of the city of Darien to answer a charge of "selling goods on the Sabbath day," contrary to the city ordinance. So much of the ordinance he is charged with violating as is necessary to the purposes of this case is as follows: " That no laborer, tradesman, or merchant, or other person, who shall do or exercise any labor, or calling, or business, connected with their usual daily avocations on the Lord's

day, or open any store for the sale of merchandise of any kind or sort, (works of necessity, etc., excepted)," and for a violation of this ordinance a fine of not less than five nor more than fifty dollars and imprisonment for not more than twenty-five days were imposed. In obedience to this summons, Rothschild appeared before the court, and made divers objections to the summons, one of which alone was insisted upon, viz.: that the proceeding was void, because the offence with which he was charged is a state offence, and the municipal authorities cannot punish for a violation of said law, notwithstanding the ordinance prohibited the sale of goods on Sunday. This objection and all the others were overruled. The police court heard evidence, and fined the defendant fifty dollars; he applied for and obtained a *certiorari*. As appears from the return of the police court to this writ, the only evidence adduced against him on the trial was, that he sold one pair of shoes and exchanged others on the Sunday mentioned in the summons. Upon hearing this case in the superior court, the judge dismissed the *certiorari*, and ordered the sentence of the police court to be carried into effect.

1. The only part of this ordinance which is not covered by the state law, prohibiting the carrying on of ordinary avocations on Sunday, is that portion thereof which forbids the "opening of any store for the sale of merchandise," etc., on that day. It has been decided by this court that a municipal corporation cannot legislate upon subjects already made offences and punishable by the laws of the state. *The Mayor, etc., vs. Hussey*, 21 *Ga.*, 80. *Adams vs. The Mayor and Council*, 29 *Ga.*, 56; 53 *Ib.*, 73. As to pursuing ordinary avocation, on Sunday, compare Code, §4579, with this ordinance.

2. It is only so much of the ordinance in question as makes it penal, in connection with the daily avocation of a person, to "open any store for the sale of merchandise of any kind or sort," except, etc., on the Lord's day,

which is not embraced in the section of the Code last cited, that is valid.   44 *Ga.*, 204.   The evidence had before the police court does not show what was the daily avocation of the plaintiff in error, or that he opened any store for the sale of merchandise on Sunday; indeed, it does not bring him within that portion of the ordinance that the municipal authorities are empowered to enforce; all that it shows is that shoes were sold and exchanged on Sunday; this does not establish any violation of that portion of the ordinance which the authorities of Darien can enforce.   It therefore follows that the *certiorari* should have been sustained, and the case sent back to the police court for further proceedings.   Upon another hearing, that court will understand what part of the ordinance they are authorized to enforce, and what facts the proof should establish in order to warrant a conviction thereunder.

3.  Under the rulings of this court, the pleadings in the case, *i.e.* the summons, is sufficiently certain to apprise the party called upon to answer of the nature of the charge against him.   *Queen vs. The City of Atlanta*, 59 *Ga.*, 323.

Judgment reversed.