## No. 8936.

THE MAYOR AND CITY COUNCIL OF MONROE VS. FRED. S. MEUER.

Violations of the ordinances of a city, passed in the exercise of the express or implied powers vested in municipal corporations, and relating to acts not included in the criminal laws of the State, cannot properly be regarded as crimes to which the constitutional guarantees of prosecution, by indictment or information and trial by jury, pertain.

The constitutional prohibition against slavery or involuntary servitude does not relate to the mode of punishment of any class of offenders, but was directed against any attempt to reëstablish the system of slavery once prevailing in some of the States, or any species of servitude resembling it.

Likewise, the prohibition against fixing by law the price of manual labor, refers exclusively to contract labor. Hence, where a party was sentenced by the Recorder of Monroe to pay a fine of $50 for keeping a disorderly house, and in default of payment, to work on the streets of the city at the rate of one dollar per day until the same were paid, is not illegal and void.

APPEAL from the Recorder's Court of the City of Monroe.  *Trousdale, J.*

*Franklin Garrett* for Plaintiff and Appellee.

*R. G. Cobb* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.  The defendant was sentenced by the Recorder of the City of Monroe, after trial before him, to pay a fine of fifty dollars and costs, for keeping a disorderly house, and, in default of payment, to be imprisoned, and work on the streets at one dollar per day, until the fine and costs were paid.

From this sentence he has appealed, and among other defenses urged, and the only one we can notice under our limited jurisdiction, he contends that the city ordinances and charter authorizing such sentence are violative of the Constitutions of 1868 and of 1879, and, consequently, null and void.

1. The Articles of the two Constitutions charged to be violated are those which provide for prosecution of criminal offenses, by indictment or information, and the right of trial by jury in such prosecutions; also which prohibit slavery or involuntary servitude, except for crime; and the Article in the Constitution of 1868, which prohibits the fixing by law of the price of manual labor.

The charter in question confers on the city full and complete police authority for the preservation of the peace, good order, safety and health of the place, and also to abate nuisances.

Under this power, doubtless, the ordinance complained of against keeping a disorderly house was passed.

An examination of the authorities bearing on this interesting question satisfies us that offenses against ordinances passed in the exercise of the express or implied police powers vested in municipal corporations, and relating to minor acts and matters not included in the criminal statutes of the State, are not properly regarded as *crimes*, to which the constitutional provisions, relating to prosecutions and trial by jury, refer.

To insure the prompt and efficient exercise of the police authority with which municipal corporations are ordinarily clothed, the trial of offenders must be speedy, and the punishment summary, which are impossible of attainment under the slow and formal methods of prosecuting by indictment or information, and trial by jury.

The power or right of the legislature to confer such authority on towns and cities is expressly provided in Articles 92 and 136 of the present Constitution.

The distinction between crimes against the State and mere violations of municipal ordinances, and the bearing of the constitutional provisions referred to, touching the respective modes or methods for the prosecution and punishment of offenders against the same, is clearly recognized by elementary writers on the subject, and confirmed by frequent adjudications. Dillon, Mun. Corp., 2d Ed., Vol. 1, pp. 451 *et seq. ;* Cooley, Const. Lim. 596; Sedgwick, Stat. and Const. Law, 548, ·549; 15 An. 190; 33 An. 1011; 4 Ga. 509; 14 Ga. 358; 38 Ga. 542; 9 Minn. 166, 186; 42 Penn. St. 89; 33 N. J. Law, 213.

2. The constitutional prohibitions against slavery or involuntary servitude have, we conceive, no real bearing on the question before us. They were evidently directed against any attempt to reëstablish slavery, such as had but recently been abolished, or any system of servitude resembling the same. This is the more evident from the exception contained in the Articles.

150

3.   The inhibition in the Constitution of 1868, against laws fixing the price of manual labor, evidently had reference to contract labor to be performed under contract and, therefore, has no applicability to the case before us.   There is no question touching the payment of the costs.

We see no force in any of the grounds urged against the sentence appealed from.

Judgment affirmed.