### *EX PARTE* SCHMIDT.

1. *Certiorari* from the Court of Common Pleas goes to an inferior tribunal to keep it within the scope of its powers, if not to correct errors of law, but certainly not to correct errors of fact.
2. The offence charged and the punishment imposed in this case were within the terms of an ordinance of the city of Columbia, passed pursuant to powers granted by charter, and such ordinance, which was a local regulation for this city, was not repealed by section 1739 of the General Statutes, which is a provision in the general license law applicable to the whole State; nor is the offence of "being drunk and disorderly" under the ordinance identical with that of "drunk or grossly intoxicated" prohibited by the statute.
3. Articles 5 and 6 of the amendments to the Constitution of the United States impose no restrictions upon legislation by the States.
4. Offences against city ordinances need not be prosecuted by indictment nor tried by a jury.[1]

Before Witherspoon, J., Richland, March, 1885.

This was an appeal from an order of the Court of General Sessions dismissing a writ of *certiorari*. The opinion states the case.

*Mr. John Bauskett*, for appellant.

*Mr. F. W. McMaster*, contra.

March 10, 1886. The opinion of the court was delivered by

Mr. Justice McGowan. Frederick Schmidt petitioned the Court, stating that the city council of Columbia had tried and convicted him of "disorderly conduct in the opera house of said city"; that he had no right of appeal from the sentence pronounced, which was that. he should pay a fine of forty dollars, or be confined in the guard house for ten days; and being about to be deprived of his liberty by reason of said sentence, which was erroneous and illegal, the city council being wholly without juris-

---

[1] It will be observed that the charter of the city of Columbia has no provision like that of Beaufort and Lexington, upon which was based the decision in *Beaufort* v. *Ohlandt, ante,* p. 158, and *Lexington* v. *Wise, ante,* p. 165.—Reporter.

diction in the premises, prayed for a writ of *certiorari*, to inquire into the cause of such findings and sentence.

Upon the affidavit made, Judge Wallace granted the writ requiring the mayor and aldermen to return the judgment and sentence, and all the proceedings upon which said judgment and sentence were founded. They made return, that "The mayor's court of the city of Columbia is not a court of record; that on September 16, 1884, the petitioner, Frederick Schmidt, was brought before the mayor, acting in his official capacity as judge of the city court, on the following charge: 'violation of an ordinance to amend an ordinance concerning the city police, drunk and disorderly conduct in the opera house'; that the mayor in his official capacity, being satisfied with the proof of said charge, sentenced said Frederick Schmidt to a fine of forty dollars, or ten days in the guard-house of said city, which said fine was within the jurisdiction of said mayor; that said petitioner appealed from said sentence to the city council, and they sustained the decision of the mayor," &c.

Upon hearing the return, Judge Witherspoon dismissed the writ, and the petitioner appeals on the grounds: "1. Because the ordinance of the city of Columbia, under which the relator was tried and convicted, was repealed by section 1739, chapter XV., of the General Statutes, and Mayor Rhett exceeded his jurisdiction in taking cognizance of the cause and in passing said sentence. 2. Because the proceeding *ab initio* was in violation of sections 14 and 19, article 1, of the Constitution of this State. 3. Because the proceeding *ab initio* was in violation of article V. and section 1, article XIV., of the Constitution of the United States."

As we understand it, *certiorari* from the Court of Common Pleas goes to an inferior tribunal to keep it within the scope of its powers, if not to correct error of law, but certainly not to correct error of fact. It is not denied that the ordinance under which the relator was convicted covered the offence charged and authorized the punishment imposed. Nor can it be denied that the city authorities had the right to pass the ordinance under their charter, which enacts that "The mayor and aldermen shall have full and ample power to establish such by-laws, not inconsis-

tent with the laws of the land, as may tend to promote the quiet, peace, safety, and good order of the inhabitants thereof; and the said mayor and aldermen, or the said mayor alone, may fine and impose fines and penalties for violations thereof, which may be recovered in a summary way, to the extent of forty dollars; * * and also are authorized and empowered to impose the alternative punishment of hard labor in the work house: provided the term of imprisonment shall not exceed ten days for any single offence." 14 *Stat.*, 571.

It is, however, insisted that the ordinance under which the relator was tried and convicted had been repealed by section 1739 of the General Statutes, which enacts that "Any person who shall be found drunk or grossly intoxicated in any street, highway, public house, or public place, shall be fined upon view of, or upon proof before any mayor, &c., not exceeding five dollars, and, if the same is not paid, imprisoned five days." We do not think this provision repeals the ordinance referred to. One is a provision in the general license law, applicable to the whole State, while the other is a local regulation for the government of the city of Columbia. Besides, they are not inconsistent. The offences are not identical. Being "drunk and disorderly" is very different from being simply found "drunk or grossly intoxicated."

But it is further insisted that the act of the legislature granting the charter in the terms stated is in conflict with the constitution of the State as well as that of the United States, particularly in respect to the right of trial by jury. We need not consider the objection, that the charter was in violation of the provisions of the constitution of the United States, articles 5 and 6 of amendments, for it has been settled that the provisions indicated impose limitations on the exercise of power by the government of the United States, and has no application to the legislation of the States. *State* v. *Shirer*, 20 *S. C.*, 404.

Then, as to the provision in the Bill of Rights of the State Constitution, that "No person shall be arrested, imprisoned, despoiled, or dispossessed of his property, * * or deprived of his life, liberty, or estate, but by the judgment of his peers or the law of the land." Assuming that the phrase, "judgment of his peers," means the verdict of a jury, there has always been some lack of

clearness and certainty as to the other phrase, "the law of the land." See *State* v. *Starling*, 15 *Rich.*, 120. It seems to us that it would be fatal to the peace and good order of cities and towns, if every one brought before the municipal authorities for the violation of an ordinance, simply of a police character, should have the right to demand a trial by jury, with all the expense and necessary delays incident thereto.

Without reopening the argument, we agree with Mr. Dillon, when he says: "Offences against ordinances, properly made in virtue of the power of the corporation, or in the exercise of its legitimate police authority for the promotion of the peace, good order, safety, and health of the place, and which relate to minor acts and matters not embraced in the public criminal statutes of the State, are not usually or properly regarded as criminal, and, hence, need not necessarily be prosecuted by indictment or trial by jury." See 1 *Dill. Corp.*, § 361, and notes; *Byers* v. *Commonwealth*, 42 *Penn. St.*, 89; 1 *Bish. Cr. Proc.*, § 758; *McGear* v. *Woodruff*, 33 *N. J.*, 213; *Williams* v. *Augusta*, 4 *Ga.*, 509; 14 *Ga.*, 358; 38 *Ga.*, 542; *State* v. *Sims*, 16 *S. C.*, 486; *State* v. *Bowen*, 17 *S. C.*, 61.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.