STRAUSS *v*. THE MAYOR AND COUNCIL OF WAYCROSS.

Although a given act was, by a valid municipal ordinance, made an offense against the corporation, at a time when such an act was not indictable under the criminal laws of this State, the subsequent enactment by the General Assembly of a statute making the identical act a crime or misdemeanor deprived the municipal authorities (they having no jurisdiction over State offenses) of the power to try and punish offenders for committing the act in question.

November 15, 1895.

*Certiorari.*   Before   Judge   Sweat.   Ware   superior court.   November term, 1894.

*W. M. Toomer*, for plaintiff in error.

*L. A. Wilson* and *J. L. Crawley*, contra.

LUMPKIN, Justice.

The plaintiff in error was tried and convicted by the Mayor and Council of Waycross upon the charge of "selling, taking or receiving orders for the sale of, intoxicating drinks, or spirituous or malt liquors, or fermented or mixed

intoxicating drinks, contrary to ordinance," on January 27th, 1894.

Prior to the passage of the act of December 18, 1893 (Acts of 1893, p. 115), soliciting orders for the sale of spirituous, malt, or other intoxicating liquors, in any "prohibition" county in this State was not indictable under any criminal statute of Georgia, but was, for the first time, made a State offense by the passage of that act. The offense for which the plaintiff in error was convicted by the municipal court of Waycross was exactly the thing which the act of 1893 made a misdemeanor. Except in special instances (like that referred to in the case of *Hood et al.* v. *Von Glahn*, 88 *Ga.* 405), it is well settled in this State that municipal corporations have no authority to inflict punishment for acts indictable under the criminal laws of this State. The municipal authorities of Waycross—the charter of which was granted since the constitution of 1877—have no such power. It is undoubtedly true that sometimes an act in its nature constitutes two separate and distinct offenses, one against the laws of the State and the other against the ordinances of the municipality; and for the latter, the municipal government may inflict punishment. The offense with which we are dealing in the present case was not, however, one having such a dual character. The particular act forbidden by the city ordinance and the statute of 1893 has in it no "ingredient or concomitant" offense to the peace and good order of the city for which it can separately punish, leaving the State to deal with the main accusation.

It was insisted, however, that inasmuch as the municipality adopted the ordinance in question prior to any State legislation on the subject, and at a time when it had an undoubted right so to do, the subsequent passage of the act of 1893 did not divest the city of its jurisdiction over offenses of this character. But this contention is not sound. No citizen can be twice tried and punished for the same

offense. The legislature has declared that the offense committed by the plaintiff in error shall be indictable and punishable in the State courts. The General Assembly surely had the authority to pass this act; and if the City of Waycross is to retain its jurisdiction over the offense, the State court, in any given instance, would lose its jurisdiction over the offender if he had already been tried in the municipal court, or else he would be subjected to two trials for the same offense, which would be clearly unconstitutional. It follows that either the State of Georgia or the City of Waycross must give up its right to try cases of this class; and, in our humble judgment, the City must yield to the State's superior authority in the premises.

*Judgment reversed.*