## MORAN v. CITY OF ATLANTA.

1. A sale of spirituous liquors although made upon the Sabbath day may be nevertheless a violation of a statute making penal the sale of such liquors without a license.

2. A municipal corporation can not, in the absence of express legislative authority so to do, enact a valid ordinance for the punishment of an act

which constitutes an offense against a penal statute of this State. Such authority can not be inferred from the "general welfare clause" usually found in municipal charters.

3. A section in the charter of a city declaring that the mayor and general council thereof "shall have full power and authority to regulate the retail of ardent spirits within the corporate limits of said city, and at their discretion to issue license to retail or to withhold the same, and to fix the price to be paid for license at any sum they may think proper, not exceeding two thousand dollars," does not confer upon the municipal authorities the power to enact an ordinance prohibiting and making penal the retailing of such liquors without license, the offense therein provided for being a misdemeanor under section 431 of the Penal Code. The last sentence in that section, which reads, "No person shall be liable to indictment in the superior courts for a violation of this section, when he has been tried by the corporate authorities for the same offense," has application only in cases where such corporate authorities have lawful jurisdiction over the offense.

4. The court erred in overruling the certiorari.

Argued December 10, — Decided March 3, 1898.

Certiorari. Before Judge Lumpkin. Fulton superior court. March term, 1897.

*R. J. Jordan*, for plaintiff in error.

*J. A. Anderson* and *J. T. Pendleton*, contra.

FISH, J. Under an ordinance of the mayor and general council of the City of Atlanta, the plaintiff in error was tried, convicted and sentenced by the recorder of that city, upon the charge of "retailing spirituous and malt liquors without a license." His petition for certiorari having been overruled and dismissed by the judge of the superior court, he excepted and brought the case, under a writ of error, to this court. The evidence in the case showed that the accused was a physician and druggist, and sold whisky in his drug-store on a certain day, which was Sunday. His contention was, and is, that if he was guilty of any offense at all, it was a State offense and the municipal court had no jurisdiction in the matter.

1. The question was raised in the argument before this court, whether the offense of selling spirituous liquors without a license can be committed on Sunday. The act of selling spirituous liquors on Sunday is not, in and of itself, a distinct offense under the criminal laws of this State. It is an offense to keep open a tippling-house on the Sabbath day, and it is an

offense for any one to "pursue his business or the work of his ordinary calling on the Lord's day, works of necessity or charity only excepted." So that under a license to sell spirituous liquors one would not be authorized to pursue such a business on the Sabbath day. Therefore, it may be said that one can not be licensed to sell, on Sunday, spirituous liquors. But the fact that a license to sell such liquors would not give the person to whom it was issued the right to sell them on the Sabbath day, does not render it impossible to violate, on Sunday, the law against selling spirituous liquors without a license. If a person who has no license to sell spirituous liquors sells whisky on Sunday, he is certainly selling spirituous liquor without a license; the fact that he sells it on a day upon which he would not be authorized to sell even if he had a license makes no difference. Even if the law made special provision for the punishment of any one making a sale on Sunday, with or without a license, this would not render the statute prohibiting sales without a license inapplicable to sales made on Sunday. Black on Intoxicating Liquors, 428; Krank v. People 110 N. Y. 488. And one who had, by the same act, violated both the Sunday law and the license law could not escape punishment for a violation of the latter statute simply by pleading and showing that the act which he had committed was a violation of the former. With as much reason he might claim freedom from prosecution for a violation of the Sunday statute because the act by which he violated it was also a violation of the law against selling without a license. Krank v. People, supra; O'Brien v. State, 91 Ala. 25.

2. The plaintiff in error contends, that if he committed any offense at all, it was a State offense, and, therefore, his trial for a violation of the city ordinance was illegal. In this connection, the question whether the evidence shows that the accused violated the law of the State against keeping open a tippling-house on the Sabbath day has been discussed in the argument of counsel, but we do not deem it necessary to consider it. For retailing spirituous liquors without a license "from the corpo-. rate authorities of any town or city, where by law authority to grant license is vested in such corporate authorities," is an of-

fense under the criminal laws of the State.    Penal Code, § 431.
Therefore the prosecution in the municipal court was for an
act which the State has made criminal and for which it pro-
vides punishment.    According to repeated adjudications of this
court, a municipal corporation can not, in the absence of ex-
press legislative authority to do so, enact a valid ordinance for
the punishment of an act which constitutes an offense under
a penal statute of the State.    *Mayor of Savannah* v. *Hussey*, 21
*Ga.* 80; *Jenkins* v. *Mayor of Thomasville*, 35 *Ga.* 145; *Vason* v.
*City of Augusta*, 38 *Ga.* 542; *Reich* v. *State*, 53 *Ga.* 73; *Roths-
child* v. *City of Darien*, 69 *Ga.* 503; *Kahn* v. *City of Macon*,
95 *Ga.* 419; *Strauss* v. *Mayor of Waycross*, 97 *Ga.* 475; *Keck*
v. *City of Gainesville*, 98 *Ga.* 423.    Such authority is not con-
ferred on the municipal authorities of the City of Atlanta by
the first section of the act of 1874, establishing a new charter
for that city, where "the inhabitants" of the territory incor-
porated are given "power to govern themselves by such ordi-
nances, resolutions and by-laws, for municipal purposes, as they
may deem proper, not in conflict with this charter nor the con-
stitution and laws of this State, nor of the United States."    "A
general grant of power, such as mere authority to make by-
laws, or authority to make by-laws for the good government of
the place, and the like, should not be held to confer authority
upon the corporation to make an ordinance punishing an act—
for example, an assault and battery—which is made punish-
able as a criminal offense by the laws of the State."    1 Dill.
Mun. Corp. § 368.    Authority to impose punishment for an
act made penal by the laws of the State can not be inferred
from the "general welfare clause" usually found in municipal
charters.    *Mayor of Savannah* v. *Hussey, Jenkins* v. *Mayor of
Thomasville*, and *Vason* v. *City of Augusta*, supra.

3. Section 27 of the charter of Atlanta provides, that "the
mayor and general council shall have full power and author-
ity to regulate the retail of ardent spirits within the corporate
limits of said city, and at their discretion to issue license to re-
tail or to withhold the same, and to fix the price to be paid for
license at any sum they may deem proper, not exceeding two
thousand dollars."    There is nothing in the language of this

section which expressly confers upon the corporate authorities
of the City of Atlanta the power to enact an ordinance prohib-
iting and making penal the retailing of spirituous liquors with-
out a license.   The power to legislate concerning an offense
which is fully covered by the penal laws of the State does not
exist in a municipal corporation, unless it has a clear and well
defined grant of such authority from the legislature.   In the
case of *Hood* v. *Von Glahn*, 88 *Ga.* 405, where it was held that
the General Assembly can, by express grant, confer this power
upon a municipality, the following rule, laid down in 1 Dillon
on Municipal Corporations ( 4 ed. ) § 368, was quoted as being
"a correct statement of the law," viz.: "Where the act is, in
its nature, one which constitutes two offences, one against the
State and one against the municipal government, the latter may
be constitutionally authorized to punish it, though it be also
an offence under the State law; but the legislative intention
that this may be done ought to be manifest and unmistakable,.
or the power in the corporation should be held not to exist."
The power assumed by the legislative authorities of the City of
Atlanta, in passing the ordinance for a violation of which the
plaintiff in error was tried and convicted by the recorder, can
not be found elsewhere in the act establishing the "new char-
ter" for the city nor in any of the acts amendatory thereof.

The case of *Hill* v. *Mayor of Dalton*, 72 *Ga.* 314, relied on
by counsel for defendant in error, differs materially from the
present case.   Hill was tried by the mayor of Dalton for sell-
ing "spirituous, intoxicating, malt, and fermented liquors
within the limits of that city," which was made an offense by
a municipal ordinance which absolutely prohibited the sale of
such liquors.   It was contended, in behalf of the accused,
that the offense committed was that of retailing spirituous
liquors without a license, and, as this was a misdemeanor un-
der the laws of the State, the superior court only had jurisdic-
tion thereof, upon an indictment by the grand jury.   This
court decided that the case was covered by the principle ruled
in *Rothschild* v. *City of Darien,* 69 *Ga.* 503, where it was held
that "A municipal corporation can not legislate on subjects
already made offenses and punishable by the laws of the State;

therefore an ordinance making it punishable to exercise any labor, calling or business connected with one's daily avocation on the Sabbath day, was pro tanto void"; but that "A provision in a city ordinance making it penal to 'open any store for the sale of merchandise of any kind or sort, works of necessity, etc., excepted,' was not covered by the State law, and could be enforced." In applying this principle to the *Dalton* case, the court held that the section of the Penal Code against selling spirituous liquors without a license, and the ordinance of the city of Dalton making penal the sale of intoxicating liquors, "without regard to license or oath or quantity," were "wholly unlike" and made "different offenses"; and that the facts in the case showed the distinction, "as the defendant could not have been convicted under the code." It was also held that, even if the offenses were not different and the case were not controlled by the ruling in *Rothschild* v. *Darien*, the city of Dalton, taking all the provisions of its charter applicable to the subject together, had "ample power to pass the ordinance under which the plaintiff in error was punished."

Section 431 of the Penal Code, which makes it a misdemeanor to sell spirituous liquors without a license, contains the following provision: "No person shall be liable to indictment in the superior courts for a violation of this section, when he has been tried by the corporate authorities for the same offense." This clause does not confer upon every municipal corporation in the State the power to prescribe and inflict punishment for an offense which is fully covered by this section of the code; nor does it recognize such a power as already existing in every such corporation. It is applicable only in cases where the legislature has clearly granted to the corporate authorities jurisdiction over the offense. Its purpose is neither to confer, nor to recognize, a general jurisdiction, applicable to all municipal corporations, but to protect a person who has been tried in a municipal court, *having jurisdiction*, from afterwards being put in jeopardy, by the State, under an indictment for the same offense. There are doubtless good reasons why the legislature might have deemed it unwise to confer, indiscriminately, upon every municipality, regardless of its size or the

provisions of its charter, the power to oust the State of her jurisdiction in cases where this penal statute has been violated; at any rate, we hold that such a sweeping construction can not be given to the language just quoted from the statute.

4. It follows that the municipal court of the City of Atlanta had no jurisdiction to try the plaintiff in error for the offense with which he was charged, and that the judge of the superior court erred in overruling the certiorari.

*Judgment reversed.    All the Justices concurring.*