## Fichtenberg v. City of Atlanta.

Lumpkin, J. 1. The word "dealer" generally applies to one who buys and sells,—a trader. But where a municipal ordinance declares that "any merchant, billiard table or ten-pin alley keeper, or other dealer, who shall keep open doors on the Sabbath day," shall be subject to a punishment prescribed, the word "dealer" is to be construed in connection with the words preceding it. So construed, it would include one who operated a "penny arcade" or place where a number of machines were kept for profit, each of which, by a mechanical arrangement, exhibited pictures to a person who dropped a penny into a slot.

2. Where a municipal ordinance which contained the prohibition against keeping open doors on the Sabbath day, set out in the foregoing note, also declared that it should be permissible to keep open doors on that day for the selling of certain specified articles, including soda and mineral waters, and then stated that "the privileges of this ordinance shall be confined exclusively to those who deal only in the articles above enumerated or referred to, and by those who are entitled by law to keep open on the Sabbath day," *Held,* that this did not authorize one who had a soda-water fountain in the front portion of a store, and beyond it kept for profit machines for the exhibition of pictures of the kind

above described, to keep open the doors for the conduct of both businesses on the Sabbath.

3. The fact that on Sunday there were fewer electric lights than on other days of the week, that no music was played as on other days, and that the attendants were excused and change was made at the soda water fountain, would make. no difference.

4. Where a portion of a municipal ordinance in respect to keeping open 'doors on the Sabbath was valid, the addition of certain other portions which may have been invalid as undertaking to deal with matters punishable by State law would not prevent a conviction of one guilty of violating the valid portion. *Rothschild* v. *Darien*, 69 *Ga.* 503.

5. There was no error in overruling the certiorari.
*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted May 21,—Decided July 27, 1906.

Certiorari. Before Judge Pendleton.· Fulton superior court.
March 28, 1906.

*Reuben R. Arnold* and *Ligon Johnson,* for plaintiff in error.
*James L. Mayson* and *William P. Hill,* contra.