### 4177.   LUMPKIN v. CITY OF ATLANTA.

RUSSELL, J.   If the evidence points to the defendant's guilt of any offense, it is that of selling intoxicating liquor, of which the recorder's court has no jurisdiction, because the State courts alone have cognizance of this offense.   *Moran* v. *Atlanta*, 102 *Ga.* 840 (30 S. E. 298).   If there were circumstances indicating that the accused had been in possession or control of the liquor in question, the evidence of an illegal sale might be sufficient to support the inference that he was keeping it for sale in violation of a municipal ordinance; but there being no such evidence in the record, and, on the contrary, the only testimony upon that branch of the case being to the effect that the whisky was in fact obtained from one other than the defendant, upon the street and not upon the premises of the defendant, the evidence is insufficient to authorize conviction; and the judge of the superior court erred in overruling the certiorari.   The slight circumstance which connected the accused with the alleged sale (and in this case the conclusion that the liquor was kept for sale must depend on proof of a sale) did not exclude every other reasonable hypothesis than that the one pint of whisky which was found, partly consumed, in the defendant's house, was kept for the purpose of illegal sale.                    *Judgment reversed.*

DECIDED JANUARY 22, 1913.

Certiorari; from Fulton superior court—Judge Bell.   March 19, 1912.

*John W. Cox,* for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.,* contra.