41756. DuBOSE v. CITY OF LUMPKIN.

ARGUED JANUARY 5, 1966—DECIDED FEBRUARY 23, 1966— REHEARING DENIED MARCH 9, 1966—

298

*Jesse DuBose,* for appellant.
*Carlton S. Brown,* for appellee.

NICHOLS, Presiding Judge. Section 128 of the Act of 1953, supra, provides in part: "Nothing herein shall prevent incorporated cities and towns from requiring by ordinance that the owners of motor vehicles residing within the corporate limits of such cities and towns to register the numbers of State licenses with the clerk or council or other officer to be designated by such city or town, together with a brief description of such motor vehicle, and requiring the payment of a registration fee, and to provide a penalty for the violation of such ordinance; provided, however, that no municipality shall charge a license fee (as distinguished from a registration fee) in addition to that charged by the State, except commercial vehicles."

No attack was made on the validity of such Act in the trial court but such question was first raised in the petition for certiorari. Accordingly, no constitutional question was presented to the superior court by the petition for certiorari or to this court on appeal as to the validity of such Act. See *Brackett v. City of Atlanta,* 51 Ga. App. 92 (1) (179 SE 584); *Bolton v. City of Newnan,* 147 Ga. 400 (94 SE 236).

The power granted municipalities by the General Assembly in the above quoted Act is not the grant of a "power to legislate concerning an offense which is fully covered by the penal laws of the State," *Moran v. City of Atlanta,* 102 Ga. 840, 844 (30 SE 298), but is an expressed power to provide for a separate registration of vehicles with municipalities by the owners residing in such municipalities. Therefore, the contention of the appellant that the ordinance covered a matter pre-empted by the General Assembly and therefore was a special law in viola-

tion of the constitutional provisions of Art. I, Sec. IV, Par. I, Constitution of 1945 (*Code Ann.* § 2-401), is without merit.

*Judgment affirmed. Hall and Deen, JJ., concur.*