### 43565. CAMBRON v. COGBURN et al.

PANNELL, Judge. Mrs. Frances Cambron brought an action in the Superior Court of Cobb County against John Maxwell Cogburn, Sr., John Maxwell Cogburn, Jr., M. F. Jones and Hollis Ed Cockrell, seeking recovery of damages for injuries sustained in a rear-end automobile collision where the plaintiff's car was struck from the rear by the Cogburn automobile and immediately thereafter the rear end of the Cogburn automobile was struck by Cockrell, knocking the same forward into the rear of plaintiff's vehicle. M. F. Jones was stricken as a party defendant. Separate specifications of negligence were alleged as against the Cogburns and Cockrell. The defendants answered denying the allegation of negligence as against the answerer but admitting the allegations of negligence alleged as to the other defendant. The jury returned a verdict in favor of the plaintiff and against the defendant Cockrell. The jury found in favor of the defendants Cogburn. Plaintiff appeals. *Held:*

1. The certificate, by the keeper of the records of the munici-

pality to the ordinance sought to be introduced in evidence by the plaintiff, which stated that the purported copy "is a true and correct copy of paragraphs (a) and (d) of Sec. 30.45. Following too closely, taken from the Traffic Code, City of Atlanta, Georgia, 1957; Adopted by the Board of Aldermen August 5, 1957 and Approved August 7, 1957; as the same appears from the original which is of record and on file in my said office," is sufficient to meet the requirements of *Code* § 38-606 as it shows it is a correct copy of an original adopted by the legislative body of the municipality. See *Perry v. State,* 78 Ga. App. 273 (3) (50 SE2d 709). The cited case is not authority for a ruling that the certified copy is not admissible unless the keeper of the records also certifies the ordinance is then in full force and effect. The trial court erred in refusing to admit the certified copy of the ordinance into evidence upon the objection that it was not properly authenticated.

2. (a) While it has been held that when a municipal ordinance is identical with the state law and there is no statute authorizing such an ordinance, the ordinance is invalid because the subject matter thereof has been pre-empted by the state law (*Lanford v. Alfriend,* 147 Ga. 799 (1) (95 SE 688); *Mayo v. Williams,* 146 Ga. 650, 652 (92 SE 59); *Strauss v. Mayor of Waycross,* 97 Ga. 475 (25 SE 329); *Moran v. City of Atlanta,* 102 Ga. 840 (30 SE 298); *Reid v. Perkerson,* 207 Ga. 27 (5) (60 SE2d 151)), or is invalid as in violation of the constitutional provision (Art. I, Sec. IV, Par. I; *Code Ann.* § 2-401) that no special law shall be passed where provision has already been made by a general law (*Giles v. Gibson,* 208 Ga. 850 (69 SE2d 774); *Jenkins v. Jones,* 209 Ga. 758 (75 SE2d 815); *Beard v. City of Atlanta,* 91 Ga. App. 584 (86 SE2d 672)); yet where there is a statute expressly authorizing such an ordinance (see Ga. L. 1955, p. 736 (*Code Ann.* § 68-1680); *Moran v. City of Atlanta,* 102 Ga. 840, supra; *Littlejohn v. Stells,* 123 Ga. 427, 429 (51 SE 390); *Hood v. Von Glahn,* 88 Ga. 405 (14 SE 564)), and there is no proper attack in the lower court upon the constitutionality of the ordinance because, in making the attack, sufficient references to the provisions of the Constitution or to the statute providing for the same offense were not given, and there is no constitutional attack on the statute permitting such ordinance, this court must hold that a properly certified copy of such ordinance is admis-

sible in evidence on the trial of an automobile negligence case in which it is alleged, and proof is tendered, that the defendants violated such an ordinance.

(b) Upon like reasons it was error to refuse to admit in evidence a certified copy of a recorder's court docket entry showing a plea of guilty by the defendant on objection that the ordinance, to the violation of which the plea referred, was invalid; nor was this properly certified docket entry objectionable on the ground that the original signed plea of guilty would be the highest and best evidence of such plea, when it is not disclosed that such a signed plea exists, or that a plea in writing is required by statute in that particular recorder's court.

(c) The trial court also erred in refusing to permit one of the defendants to testify that he pleaded guilty to the violation of the ordinance in the recorder's court. *Roper v. Scott,* 77 Ga. App. 120 (48 SE2d 118).

3. Doctors' bills and medical bills, and checks in payment were sufficiently identified and supported by oral testimony to be admissible in evidence. Their rejection by the trial court was error. *Johnson v. Rooks,* 116 Ga. App. 394, 397 (2) (157 SE2d 527), distinguishing *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (139 SE2d 519).

4. A copy of a letter, sought to be introduced into evidence to prove notice of its contents to a defendant who had testified he had received no notice of the matter therein contained, was properly excluded when there was no proof it was ever mailed to the defendant. This is true whether it was offered to prove notice of the matter therein contained or was offered to impeach the witness. *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851).

5. Complaint was made of the following charge: "I also charge you, gentlemen, that if two negligent acts are so related that the first would not probably have resulted in injury if the other had not occurred, and the latter amounts to such a preponderating cause that it probably would have produced the injury even if the first negligence had not occurred, or if the author of the latter negligence, with the intermediate effects of the former negligence consciously before him, is guilty of a new negligent act which preponderates in producing the injurious effect, we say that the first negligent cause is not the proximate cause, that the intervention of the latter negligence breaks the chain of casual connection so far as the juridic

purposes are concerned." This charge is almost an exact quote from a discussion by Judge Powell in *Atlantic C. L. R. Co. v. Daniels,* 8 Ga. App. 775, 780 (70 SE 203). This particular portion of the discussion in that case, together with some additional discussion, was quoted by this court in *Cain v. Ga. Power Co.,* 53 Ga. App. 483 (186 SE 229) as authority for substantially the principles set forth in the charge in this case. The Supreme Court in *Williams v. Grier,* 196 Ga. 327, 339 (26 SE2d 698) criticized the decision in *Cain v. Ga. Power Co.,* supra. A charge by a trial judge on the trial of a case which is a detached segment of an argumentative exposition of the principles of juridic "cause" as related to negligence contained in an opinion of an appellate court is usually not a proper charge to the jury (see *Howard v. Hall,* 112 Ga. App. 247, 252 (7) (145 SE2d 70)) and was not proper here.

6. There were several charges objected to relating to the interposition of some independent and unforeseen cause and as to the negligence of "someone other than one of the defendants" or "someone other than a particular defendant." These charges were inapt in their expression, as applied to this particular case, as there is no evidence that the negligence of anyone other than the one of the defendants or the plaintiff had anything to do with the collision. Since this case is being reversed on other grounds, the trial judge will no doubt correct this in any future charge.

The other enumerations of error on the charge of the court are either without merit or involve the use of inapt expressions which will no doubt be corrected in a subsequent trial of the case.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*
SUBMITTED APRIL 3, 1968—DECIDED SEPTEMBER 5, 1968—
REHEARING DENIED OCTOBER 8, 1968.

*Duncan & Bach, Vernon W. Duncan,* for appellant.
*Reed & Tate, R. M. Reed,* for appellees.