A90A0471. CLARKCRAFT, INC. v. DUNAWAY et al.
(395 SE2d 241)

McMURRAY, Presiding Judge.

This case involves a contract for the purchase and sale of real property. Under the contract, Clarkcraft, Inc. ("Clarkcraft") agreed to purchase a tract of land divided into eight residential lots from Mt. Paran Development, Inc., d/b/a Mt. Paran Group ("Mt. Paran"). Pursuant to the contract, purchaser Clarkcraft paid earnest money of $25,000 to plaintiff Dunaway, as escrow agent. After the sale was not consummated, Clarkcraft unsuccessfully sought Mt. Paran's acquiescence to the return of the earnest money from the escrow agent.

Plaintiff Dunaway filed a complaint for interpleader, naming Clarkcraft and Mt. Paran as defendants and tendering the earnest money funds for deposit into the registry of the superior court. Clarkcraft and Mt. Paran filed their answers and opposing cross-claims, under which each contended that it was entitled to the escrow funds plus additional damages. Subsequently, the funds were deposited into the registry of the superior court and plaintiff was dismissed from the action. Clarkcraft and Mt. Paran filed their opposing motions for partial summary judgment. Clarkcraft appeals the denial of its motion and the grant of summary judgment in favor of Mt. Paran on the issue of liability. *Held*:

1. The contract provided that Clarkcraft had three days from the execution of the agreement to notify Mt. Paran in writing of any matter in a proposed plat of the eight lots to which Clarkcraft reasonably objected. In the absence of such notice, the plat was deemed to be approved by purchaser. If Mt. Paran received the specified notice, it had three business days to make any necessary revisions to the proposed plat. If Mt. Paran received proper notice of objections to the proposed plat and failed to make necessary revisions within the allowed period of time, Clarkcraft had the option to terminate the agreement and receive a full refund of all earnest money paid the escrow agent.

The affidavit of Phillip Clark, president of Clarkcraft, states that he "notified Seller of my objections to the lot layout of the Proposed

Plat by letter dated Monday, May 2, 1988, three business days after the Contract was executed." The affidavit of Thomas Rybert III, vice president of Mt. Paran, states that the address to which the contract requires any written notices to Mt. Paran be mailed (or hand delivered) is his personal residential address, that he personally handles the mail at his residence, that Mt. Paran never received any written letter or document from Clarkcraft of any kind within three business days of the contract being executed, and that the letter dated May 2, 1988, was not received by Mt. Paran until June 13, 1988, when it was enclosed with a letter from Clarkcraft's attorneys to Mt. Paran attempting to terminate the contract.

Clarkcraft contends that the superior court erred in granting Mt. Paran's motion for partial summary judgment because there exists a factual issue concerning whether the specified notice of its objections to the proposed plat was accomplished. However, the affidavit of Clarkcraft's president was not sufficient to create a presumption of delivery either under the terms of the contract or under general principles of law as there is no evidence that, within the allowed period of time, the letter dated May 2, 1988, was deposited in the mail, properly addressed and with sufficient postage prepaid. *Edmondson v. Air Service Co.*, 123 Ga. App. 263 (2) (180 SE2d 589). The evidence negating any satisfaction of the notice requirement for objections concerning the proposed plat was not contradicted. *Cambron v. Cogburn*, 118 Ga. App. 454, 456 (4) (164 SE2d 350).

2. Clarkcraft contends that the superior court erred in denying its motion for summary judgment because the contract is void due to its vague and inconsistent terms and because performance of the contract is impossible. These contentions are related to the existing dwelling house on the property. The contract provides that "[t]he existing house with all improvements shall remain and is included as a part of the purchase price." In the proposed plat of the property incorporated in the contract, a lot line crossed the house.

Mt. Paran's evidence shows that the contract provision concerning the house was added in response to the last minute request of Clarkcraft and there was no discussion that leaving the existing house was in any way connected to the proposed plat, but instead that purchaser had expressed an intent to move the house to one of the platted lots. Nonetheless, Clarkcraft is now contending that it was intended that the house remain in its physical location and that the boundaries of the lots be consistent with this intent. Such a reconfiguration of the boundaries of the lots was clearly possible since it was done before the property was subsequently sold to another buyer and within the contemplation of the parties since the contract contained a provision providing for revision of the lot boundaries in response to reasonable objections in that regard raised by Clarkcraft.

However, Clarkcraft did not avail itself of the opportunity provided under the contract to object to the proposed lot lines. Therefore, under the contract the proposed plat was deemed to be approved by Clarkcraft. The contract is enforceable and Clarkcraft having refused to close the purchase while Mt. Paran stood ready, willing and able to close the purchase, the superior court did not err in granting partial summary judgment on the issue of liability in favor of Mt. Paran and against Clarkcraft.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in Division 2 and in the judgment.*

DECIDED MAY 16, 1990 —
REHEARING DENIED JUNE 19, 1990.

*Ford & Harrison, F. Carlton King, Jr.,* for appellant.
*Davis, Matthews & Quigley, Ron L. Quigley, James E. Gilson, Jones, Day, Reavis & Pogue, Robert D. Burton, Robert T. Tifverman,* for appellees.