### 14099.   COHN *v.* BUHLER, by next friend.

1. Where a girl seven years of age sees an automobile approaching on an unobstructed street in a populous locality, and while walking across the street collides with the automobile, which is running 10 or 12 miles an hour, at a point about 75 feet from a street intersection, it cannot be said as a matter of law that the child could not recover for painful and permanent injuries resulting from the collision, either because .the occurrence was an unavoidable accident or because she could have avoided the injuries by the exercise of due care. Whether the child or the driver of the automobile was negligent in this case, and whose negligence was the proximate cause of the injuries, and whether by the exercise of due care the child could have avoided the consequences of the driver's negligence after it became apparent or should have become apparent to her, were jury questions, and it cannot be held by this court that the verdict in favor of the plaintiff was without evidence to support it.
2. The court's charge was full and fair, and no ground of the motion for a new trial discloses reversible error.

       DECIDED MARCH 6, 1923.

Action for damages; from Muscogee superior court — Judge Munro.   October 17, 1922.

*Ed. Wohlwender, McCutchen & Bowden,* for plaintiff in error.

*Thomas H. Shanks, Paul Blanchard,* contra.

LUKE, J. Doris Buhler, a female child seven years of age at the time of her injuries and eight years old when the case was tried, by her mother as next friend sued Ephriam Cohn for damages arising out of personal injuries alleged to have been caused by the negligent driving of an automobile by the defendant. The trial of the case resulted in a verdict for the plaintiff. The defendant excepts to the refusal of the court to direct a verdict for him, and to the overruling of his motion for a new trial.

The plaintiff's evidence on direct examination was substantially as follows: In company with a lady and a little boy she was on the sidewalk of a street of the City of Columbus. At a school she stopped at the edge of the pavement, looked up and down the street, saw the defendant's automobile approaching about a block away, and thought she could get across the street. She started, walking straight across at her usual gait. The defendant did not blow his horn, came faster, and ran over her at a point between two parallel street-car tracks near the middle of the street. There was nothing up the street when she looked, except the automobile, and she saw nothing down the street. The car dragged her some distance, stopping on the sidewalk "towards the corner." On cross-examination she testified: She saw the automobile approaching, did not look any more, and never saw the car again until it was on the sidewalk. "I don't know what part of the car I struck against when I first got up to it. The running-board is that iron piece that goes across where you step on the car when you get in. I guess that is where I hit against the car. I don't think the front wheel ran over me at all. I don't know if the back wheel was the only one that hurt me. The accident happened between the two street-car tracks. It was halfway between the crossings, halfway between the street. When I first hit the car I struck the car on the running-board halfway between the front and back wheels." There was no school in session. It was a holiday. She had good sight and hearing.

Briefly stated the defendant's evidence was as follows: He had turned from First Avenue into Tenth Street, and was coming down that street towards its intersection with Second Avenue, at about 2 o'clock in the afternoon, driving at the rate of 10 to 12 miles an hour. When he was near the middle of the block he noticed a little child right at his running-board towards the back

wheel. He made a dash to the right and stopped the car in about 15 or 16 feet. The front of the car never touched the child, but the rear wheel did. She appeared to slide under the wheel. He never saw her until she was right at his car at a distance of about 75 feet from the intersection of Tenth Street and Second Avenue. When he turned out of Second Avenue into Tenth Street and looked down past the court-house towards Second Avenue he saw nothing to cause him to slow down, and was traveling about 10 or 12 miles an hour when the child was hit. He did not remember whether he blew his horn, but another witness swore that he heard it. The brakes of the car were good. There was nothing on the street to obstruct the defendant's view. He did not notice who was walking on the sidewalk. He could have stopped had he seen the child, but he did not see her.

The negligence relied on by the plaintiff may be summarized as follows: (1) Defendant was operating his automobile at a reckless and unreasonable rate of speed at the intersection of Second Avenue and Tenth Street; (2) he was crossing Second Avenue at an unreasonable and reckless rate of speed, to wit, 20 or 30 miles an hour; (3) he failed to give any warning of his approach or to keep on the right side of the street; (4) he failed to exercise ordinary care to discover plaintiff's presence, or to exercise ordinary care to prevent injuring her, either after the discovery of her presence or after he could by the exercise of ordinary care have discovered her presence; (5) the brakes of the car were defective. It is contended by the defendant that he was not negligent; that the plaintiff's evidence must be construed more strongly against her, and that her testimony that she walked against the side of the car precluded a recovery; also that the occurrence was at most a mere accident, and that for that reason there could be no recovery.

Negligence is peculiarly a jury question, and under the facts of this case we are not at liberty to say that the jury erred in holding that the defendant was negligent in one or more of the ways alleged in the petition. And even if the plaintiff's evidence be construed more strongly against her, we cannot say as a matter of law that a recovery was not warranted because by the exercise of due care she could have avoided the consequences to herself of defendant's negligence. In the case of Deputy *v.* Kimmell, 73 W.

Va. 595 (80 S. E. 919, 51 L. R. A. (N. S.) 989, Ann. Cas. 1916E, 656), it was held that it could not be said that a boy ten years and six months of age was guilty of contributory negligence so as to preclude his recovery for an injury suffered by him by being struck by an automobile while he was crossing a street. For a full discussion of cases similar to the one at bar, see 51 L. R. A. (N. S.), 989, and notes. See also in this connection the case of *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (80 S. E. 36). " If the happening of an event is beyond human anticipation, no one would be negligent in failing to take precautions against that event." The occurrence would be a mere accident, and there could be no recovery. But if the driver saw or in the exercise of ordinary care could have seen the plaintiff prior to the collision, the law imposed upon him the duty of exercising ordinary care to prevent a collision with her. Applying the reasoning in the case of *Perry* v. *Macon Consolidated Street Railroad Co.,* 101 *Ga.* 400 (29 S. E. 304), to the facts of this case, we think the jury had the right to conclude that plaintiff's injuries were not the result of accident or misfortune.

Both the plaintiff and the defendant had equal rights upon the street. *O'Dowd* v. *Newnham,* supra. The law placed upon the defendant the duty to use ordinary care, or such care as every prudent man should have exercised under the same or similar circumstances, after the child was or in the exercise of ordinary care on his part should have been seen by him, to avoid injuring her. Civil Code (1910), § 3471; *Streetman* v. *Bussey,* 25 *Ga. App.* 694 (104 S. E. 517); *Giles* v. *Voiles,* 144 *Ga.* 853 (88 S. E. 207); *O'Dowd* v. *Newnham,* supra. The child was bound to use due care, or such care as her physical and mental capacity fitted her for exercising under the facts of the case. Civil Code (1910), § 3474; *Streetman* v. *Bussey,* supra; *Wilborn* v. *Barnes,* 28 *Ga. App.* 254 (110 S. E. 738), and cit.

If it be granted that both parties were negligent, yet whether the plaintiff's or the defendant's negligence was the proximate cause of the injury, whether the plaintiff's negligence was as great as that of the defendant, and whether the plaintiff could in the exercise of due care have avoided the consequences of the defendant's negligence after it became apparent or should have become apparent to the plaintiff, were all exclusively jury questions. *Jones* v. *Tanner,* 26 *Ga. App.* 140 (105 S. E. 705).

2

In the case at bar there was nothing to obstruct the view of either the plaintiff or the defendant. The occurrence took place at no great distance from the intersection of two public streets, near a school and several dwellings, not far from the court-house, and on a street traversed by double street-car tracks. Whether the defendant gave any signal of his approach is at least questionable. The car ran at least 15 or 16 feet, and perhaps further, after striking the child. The jury rendered a verdict for the plaintiff, which was not without evidence to support it, and the judge approved the verdict. We find no reversible error of law upon the trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*