23608. SMITH *v.* KLEINBERG.

DECIDED MAY 22, 1934.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff.
*Hester, Lewis & Clark,* for defendant.

JENKINS, P. J. It being the duty of persons driving automobiles at a place on a public street in a populous locality of a city, where they know that a crowd of people is accustomed to gather or where such a crowd is in plain view of motorists, especially in the case of small children in the vicinity of a school, to be vigilant and cautious in exercising under such circumstances the ordinary care which the law requires (*City Ice Delivery Co.* v. *Turley,* 44 *Ga. App.* 32, 35, 36, 160 S. E. 517; 1 Berry on Automobiles (6th

ed.), 470, § 582; Vartanian on Law of Automobiles, § 92; 42 C. J. 1053), and questions of negligence, contributory negligence, and proximate cause being for the jury except in plain and palpable cases, and a child six years of age not being required to exercise the diligence of an adult, but only "such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation," the question of his capacity being for the jury (Civil Code of 1910, § 3474; *Central of Ga. Ry. Co.* v. *Rylee,* 87 *Ga.* 491, 13 S. E. 584; *Clary Maytag Co.* v. *Rhyne,* 41 *Ga. App.* 72 (2), 75), the grant of a nonsuit is not proper in an action for personal injuries to such a child against a driver of an automobile, where, according to the plaintiff's evidence, the driver approached the place of injury, where small school children were accustomed to gather and were at the time gathered, in view of motorists, at a speed of fifteen miles an hour, without decreasing his speed, and, so far as indicated by the evidence, without blowing his horn or giving other warning of his approach, where the child ran out from behind two trucks parked on the opposite side of the street from the side on which the automobile was traveling, but there was a distance of at least five adult steps, or approximately fifteen feet, from the edge of the truck projecting into the street to the automobile when opposite the truck, and the child collided with the approaching automobile near its center and received severe injuries. Under such evidence it was a question for the jury whether the occurrence was an unavoidable accident, and what and whose negligence, if any, was the proximate cause of the injury; whether the driver of the automobile failed to exercise ordinary care as to one or more of the alleged acts of negligence, in exceeding, under the circumstances, a speed of eight miles an hour, in not keeping a proper lookout, or in not exercising the proper care to avoid the injury after the situation of peril to the child had or in the exercise of ordinary care should have become known. If the jury should find that the defendant was negligent in any of these particulars, and that they or any of them contributed to the injury, it would then be their duty to determine if any act or omission of the child contributed to his own injury, and, if so, to hold him chargeable with contributory negligence, provided that such act or omission amounted to a failure to exercise such care as his capacity, mental and physical,

fitted him for exercising in the actual circumstances of the occasion. *Canton Cotton Mills* v. *Edwards,* 120 *Ga.* 447, 449 (47 S. E. 937); *Cohn* v. *Buhler,* 30 *Ga. App.* 14 (1), 16 (116 S. E. 864); *Streetman* v. *Bussey,* 25 *Ga. App.* 696, 697 (104 S. E. 517). In *Perry* v. *Macon Street R. Co.,* 101 *Ga.* 400 (29 S. E. 304), where a nonsuit in favor of a streetcar company was held properly granted, it was impossible for the motorman to have seen the child except within a space of thirty inches between the track and a projecting pile of lumber, from behind which the child came out suddenly; the car was not running at an unusual speed; and there was nothing to put the motorman on notice that children were accustomed to be behind the lumber, or were there on the particular occasion; whereas, in this case, according to the plaintiff's evidence, the motorist had the opportunity of seeing the child, who ran out from behind the obstructing trucks, in the space of about fifteen feet from the edge of the trucks to his automobile at the place of collision, and he had the opportunity of seeing the crowd of school children, who, according to one witness, were gathered on both sides of the street and "running across the street," and "anybody driving by there could see the children on the street and congregated there every morning." Under the plaintiff's evidence, the case was not plainly and palpably such as would fail to authorize a recovery, but should have been submitted to the jury.

*Judgment reversed. Stephens and Sutton, JJ., concur.*