## HAMILTON *et al.* v. NORTH GEORGIA ELECTRIC MEMBERSHIP CORP.

No. 15632. NOVEMBER 14, 1946. REHEARING DENIED DECEMBER 2, 1946.

ATKINSON, Justice. R. F. Hamilton and six other named persons filed in Whitfield Superior Court, against North Georgia Electric Membership Corporation, a petition which sought to have an amendment to the zoning ordinance of the City of Dalton declared invalid, and to enjoin the erection of a commercial building that was to be used by the defendant corporation in the dis-

tribution of electricity. After the submission of evidence by both sides at an interlocutory hearing, the judge denied the prayers for injunction and other relief. The only exception is to this judgment.

On October 20, 1941, the mayor and council adopted an ordinance, zoning for residences only property including "Selvedge Street from W. & A. Railroad crossing south to Waugh Street;" and a controlling question is as to the validity of an ordinance adopted April 17, 1946, which purported to amend the ordinance of 1941, so as to permit buildings to be erected in any location within the city for public service or public utility, including buildings used by "churches, schoolhouses, courthouses, hospitals, libraries, or companies engaged in the distribution of electricity."

Counsel for the petitioners insists that the ordinance adopted April 17 is invalid, for the reason that it did not receive a three-fourths vote of the mayor and council. Section VII of the act approved February 24, 1874 (Ga. L. 1874, p. 181), to amend and codify the various acts incorporating the City of Dalton and to define the duties of the mayor and council declares: "For the transaction of all business, except as is otherwise provided in this act, the mayor and four members of council shall constitute a quorum, and the vote of four members of council, or of three members of council with the concurrence of the mayor, shall decide any question which may come before the council." Section 3 (a) of the act approved March 24, 1939 (Ga. L. 1939, p. 965), authorizing the City of Dalton to pass zoning laws, declares in part: "No such ordinance or amendment thereto, authorized by any of the above sections, shall be adopted except by three-fourths vote of mayor and council."

It will be presumed that a municipal ordinance is valid, and the burden of establishing its invalidity is on the person asserting it. Code, § 38-103; *City of Cartersville* v. *McGinnis,* 142 *Ga.* 71 (3), 76 (82 S. E. 487, Ann. Cas. 1915D, 1067). In considering the question of validity of ordinances, courts are inclined to sustain rather than to overthrow them. *Moore* v. *Thomasville,* 17 *Ga. App.* 285 (2) (86 S. E. 641). In *Roberts* v. *Dancer,* 20 *Ga. App.* 752 (93 S. E. 297), it was said: "Under the act of the General Assembly, creating a board of commissioners for the County of Miller, which provides that three members of the board 'must con-

cur in order to pass any order,' such concurrence was shown where four members were present when a resolution was put, and two members voted for its passage and one against it, and the other commissioner, the chairman, thereupon declared that it was carried. This declaration of the chairman was equivalent to a formal casting of his vote in favor of its adoption."

The minutes of the mayor and council, which were introduced in evidence, show the following: The mayor and all four of the council members were present; three members of the council voted for the amendment, while one failed to vote. The charter provisions of the city do not require that the vote be taken by ballot, by ayes and nays, or that the vote be recorded. The clerk did not record in his minutes whether the mayor voted or not, and there is nothing in the minutes that can be taken to show the mayor did not concur in the adoption of the ordinance.

As above stated, the validity of an ordinance is always to be presumed. In order to "adopt" the ordinance, it was necessary that four members of council vote in favor of it, or that it receive the vote of three members of council with the concurrence of the mayor, or, under the ruling in *Roberts* v. *Dancer,* supra, that three members of council vote for passage of the ordinance, and that the mayor declare the motion to adopt the ordinance carried. Since the minutes show the adoption of the proposed ordinance during a meeting at which the mayor and all the members of council were present, to give effect to the legal presumption above stated it must be taken that not only did the three members of council vote in favor of the ordinance, but that the mayor declared the ordinance adopted or expressed his concurrence with the vote of the three members of council.

Counsel for the petitioners further insists that the ordinance of April 17, 1946, is invalid, because under the evidence it was never published as required by the charter of the City of Dalton. Section XXIV of the act approved February 24, 1874 (Ga. L. 1874, p. 181), declares in part: "Any ordinance or bylaw that may be adopted in conformity to this charter shall be of force and take effect from and after the same shall have been published in two public places in said city for five days, or after one insertion in a newspaper published in said city."

On the question of publication the clerk testified: He did not

publish the ordinance of April 17, 1946. If he had been instructed to publish it, he would have done so. The ordinance was turned over to him the night when it was adopted, and since that time he has had it in his custody.

The city charter was silent as to who should have ordinances published or inserted in a newspaper published in the city. The clerk did not testify that the ordinance was not published, and his testimony merely that he did not have it done was not so conclusive of the lack of publication as to demand that the trial judge should so find. See, in this connection, 37 Am. Jur. 763, § 151; 43 C. J. 543, § 843.

Accordingly, the judge did not err in denying an injunction.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents, and Head, J., not participating.*