## 32048.   DOYLE *v.* DYER.

DECIDED JUNE 1, 1948.

268

*J. Sidney Lanier*, for plaintiff in error.

*H. O. Hubert Jr., W. E. Zachary*, contra.

TOWNSEND, J. (After stating the foregoing facts.) Counsel for the defendant in his brief contends, first, that Mrs. Hall by driving within 25 feet of the defendant after she had observed his car weaving from one side of the road to the other was lacking in the exercise of ordinary care and by the exercise thereof could have avoided the consequences of the defendant's negligence, and therefore the plaintiff is not entitled to recover, and second, that the defendant's negligence, if any, was not the proximate cause of the collision, but that it was caused by the truck in front of the defendant stopping suddenly and thus creating an emergency. There is evidence that a truck entered the highway in front of the truck that was being operated in front of the defendant and in the same direction which caused this truck to stop suddenly, but it is contended that the defendant swerved to his left to avoid a collision with the truck that had stopped directly in front of him and that this is the proximate cause of the collision between the Ford automobile and the plaintiff's car.

■ Addressing ourselves to the first contention of counsel for the defendant to the effect that the driver of the plaintiff's car

failed to exercise ordinary care so as to avoid the negligence of the defendant, it has been held many times that questions as to diligence and negligence, including contributory negligence and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury. See *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 760 (3) (154 S. E. 718) ; *Larkin v. Andrews,* 27 *Ga. App.* 685 (109 S. E. 518) ; *Columbus R. Co.* v. *Moore,* 29 *Ga. App.* 79 (113 S. E. 820) ; *Rome Ry. & Light Co.* v. *King,* 30 *Ga. App.* 231 (2) (117 S. E. 464).

Accordingly it was for the trial court, sitting without the intervention of a jury, to determine whether or not the conduct of the driver of the plaintiff's car amounted to the lack of the exercise of such ordinary care as to bar his recovery. The judge resolved that question against the defendant and since the evidence supports his finding the same will not be disturbed by this court. See many cases cited in Code (Ann.), § 70-202, catchwords "Any evidence."

■ Counsel for the plaintiff contends that the defendant by driving across the center line of said highway onto the left-hand side thereof, is in violation of Code § 68-303c, which provides that "An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center of the highway, so as to pass without interference," and is therefore guilty of negligence per se and that this constitutes the proximate cause of the damage to the plaintiff's car. In *Morrow* v. *Southeastern Stages,* 68 *Ga. App.* 142, 148 (22 S. E. 2d, 336), the following is held: "A person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of the emergency. A person has a right to choose even a dangerous course, if that course seems the safest one under the circumstances. *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97, 102 (64 S. E. 302)." Also on the same page the following is held: "In case of emergency a swerving of a traveler to the wrong side of the road is not negligence. A driver is justified in turning to the left side of the road in order to avoid a collision. So, in any action for injury sustained when two automobiles collided in the highway, plaintiff, turning to the left, while acting as a reasonable man upon the honest belief that he

would thereby avoid a collision with the defendant, was absolved from obeying the law of the road and turning to the right."

However, the *Morrow* case, supra, was before this court on the question of whether or not the trial court erred in charging the foregoing quoted principle of law and the holding in the *Morrow* case is to the effect that whether or not such an emergency justified the defendant in the violation of the rule of the road by driving to the left of the center thereof is one of fact.

The petition also charges the defendant with negligence in not keeping his car under control, and in not keeping a proper look-out, etc.

Under the evidence in the instant case these were questions of fact. See *Southern Ry.* v. *Slaton,* supra, and cases cited. The trial court resolved these questions against the defendant and his finding will not be disturbed by this court.

The judgment of the trial court overruling the motion for a new trial is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*