34176.   GATEWOOD *et al. v.* VAUGHN.

DECIDED SEPTEMBER 26, 1952.

*Smith & Undercofler,* for plaintiffs in error.
*Charles Burgamy, Fort & Fort,* contra.

SUTTON, C. J. ■ The only special ground of the motion for a new trial which is now insisted upon complains that the following excerpt from the charge of the court to the jury was "erroneous and not sound as an abstract principle of law: 'I charge you that a person threatened with an imminent danger is not held to the same circumspection of conduct that he would be held to if he were acting without the compulsion of emergency. A person has the right to choose even a dangerous course if that course seems the safest under the circumstances.

" 'In the case of an emergency the swerving of a traveler to the wrong side of the road is not necessarily negligent. A driver is justified in turning to the left side of the road in order to avoid a collision. So in an action for injury sustained when two automobiles collide on the highway, persons turning to the left while acting as a reasonable man upon the honest belief that he would thereby avoid a collision with another person was absolved from obeying the law of the road and turning to the right.' "

The assignment of error in this ground of the motion raises only the question of whether the excerpt from the charge was erroneous, in that it was not sound as an abstract principle of law. The first paragraph of the excerpt was stated by Judge Powell in the opinion in the case of *Pacetti* v. *Central of Georgia Ry. Co.*, 6 *Ga. App.* 97, 102 (64 S. E. 302), and it was quoted by this court in the opinion in *Morrow* v. *Southeastern Stages*, 68 *Ga. App.* 142, 148 (22 S. E. 2d, 336). The further propositions stated in the charge are substantially in the language of the opinion in the *Morrow* case, supra, where the authorities for those propositions are cited. It is contended by the plaintiffs in error in their brief in this court, but not in their amended motion for a new trial, that the principles given in the charge complained of are incorrect because they fail to state explicitly that the danger must not have arisen from any fault of the person whose diligence or negligence in the emergency is under consideration. But such person's fault or lack of it is the subject matter of these propositions, and they are all to the effect that the actions of such a person are to be considered by the jury in view of the emergency existing, that is, in view of the unforeseen combination of circumstances requiring immediate action to avert injury to life, limb or property. It was the contention of the defendant that the driver of the plaintiffs' truck failed to heed a stop sign and entered the intersection of Lamar and Forsyth Streets without looking where he was driving and thereby created an emergency which caused the defendant to turn her car to the left in trying to avoid being hit by the plaintiffs' truck. She thought he would observe the stop sign and stop his truck before entering the intersection, but he failed to do so and drove the truck into the intersection and against the defendant's car, as contended by the defendant. Under such circumstances, it was a question for the jury to determine whether the defendant exercised the proper degree of care, that is, such care as an ordinarily prudent person would exercise under the same or similar circumstances. The portion of the charge complained of was not unsound as an abstract principle of law, and this special ground of the motion shows no error.

◼ The plaintiffs argue, on the general grounds of their motion

for a new trial, that the collision would not have occurred if the defendant had continued on the right side of the road, and that, as the defendant was not justified in turning to the left, because any sudden peril or imminent danger of collision then arising was created by her own negligence in exceeding the speed limit, failing to keep a lookout for other vehicles, and not reducing her speed at an intersection, her action in turning to the left was therefore the proximate cause of the collision and damage.

However, the jury was authorized to find that the plaintiffs' driver failed to stop at the stop sign on Lamar Street, moved onto Forsyth Street while looking to his right rear and away from the defendant's approaching car, and was then directly in the path of the defendant's automobile, so as to create a danger of collision. Whether this constituted an emergency as to the defendant, and whether her conduct in such circumstances was negligent, were questions for the jury (*Doyle* v. *Dyer*, 77 *Ga. App.* 266, 48 S. E. 2d, 488), which were resolved in favor of the defendant. Such questions of negligence and proximate cause are for the jury, ordinarily, and their verdict must stand where, as here, it is supported by some of the evidence. The trial judge properly refused to grant a new trial.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I concur in the judgment because ground one of the amended motion is not complete. I think the charge would have been error and the exception good if the ground had showed that there was evidence from which the jury could have found that the defendant's negligence was the cause of the emergency. A party cannot take advantage of an emergency created by his own negligence, and where the facts authorize a finding either that such party did or did not cause the emergency by his own negligence, a charge which does not distinguish between the situations in which a party may take advantage of an emergency, and in which he cannot, is erroneous.