35342. Richardson, by next friend *v.* Barrett.

Carlisle, J. 1. It is axiomatic, requiring no citation of authority, that questions of negligence, except in plain and indisputable cases, are for the jury to determine; and, under the facts and circumstances of this case, it was for the jury to say whether or not the defendant's driver exercised the degree of care required of him toward the child of five at the time and place of the alleged injuries to the child.

2. It is the duty of appellate courts in this State to construe the evidence

most strongly in support of a jury verdict which has been approved by the trial judge (*Associated Mutuals, Inc.* v. *Pope Lumber Co.,* 200 *Ga.* 487, 496, 37 S. E. 2d 393; *Brown* v. *Meador,* 83 *Ga.* 406, 9 S. E. 681); and if there be, under such a construction, any evidence to support the material issues in the case, this court will not reverse the judgment denying the motion for a new trial, based solely on the general grounds. *First Joint Stock Land Bank of Montgomery* v. *Sasser,* 185 *Ga.* 417 (195 S. E. 143).

3. Under an application of the foregoing rules of law, the evidence authorized the verdict. The jury was authorized to find that the defendant's agent and servant was driving the defendant's truck south on Marshall Street in the City of Cedartown at a speed of 20 miles per hour, or less, in violation of no State law or city ordinance; that he was keeping a proper lookout ahead, and saw the children, of whom the plaintiff was one, playing, in a place of safety, on the sidewalk on the west side of the street, when the truck was some 200 feet distant from them; that he had the truck under control and stopped it instantly when he saw the child dash into the street; that he struck the child with the right front headlight of the truck when he was a distance of only five or six feet from the curb; that he did not cause skid marks on the pavement when he applied the brakes, and the child was thrown only four or five feet by the impact; and that, although he did not sound the horn or reduce the speed of the truck as he approached, the child did not dash into the street until the truck was so near him that it was impossible to have avoided striking him; and that consequently the defendant's driver did all that was required of him in the exercise of ordinary care under the circumstances and was not guilty of the negligence charged in the petition.

The trial court did not err in denying the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 30, 1954.

*Dan Winn, Raymond Reed,* for plaintiff in error.
*Stewart & York,* contra.

