35363. HAGANS *v.* THE STATE.

DECIDED OCTOBER 1, 1954—REHEARING DENIED NOVEMBER 4, 1954.

*Brannen, Clark & Hester,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General,* contra.

TOWNSEND, J. In *Lester v. State,* 51 *Ga. App.* 146 (179 S. E. 869), that part of Code § 68-303 (d) which prohibits passing to the left of the center of the road where the way ahead is not clear was held not so vague and indefinite as to be unenforceable. Accordingly, the defendant's violation of this statute would constitute negligence per se, unless the violation was the result of an emergency unmixed with any fault of his own; and whether or not such an emergency existed is ordinarily a jury question. *Olliff v. Howard,* 33 *Ga. App.* 778 (127 S. E. 821); *Doyle v. Dyer,* 77 *Ga. App.* 266 (48 S. E. 2d 488). The court here, sitting as a jury, found that no such emergency existed, and found in effect that the defendant had offered no sufficient reason in support of his statement that he was unable to get back in line, but that, on the contrary, he attempted to pass Wiggins' car after it had gotten back in line, and also to pass the automobile ahead of it, instead of applying his brakes and pulling over as Wiggins did. This finding is supported by the testimony of Wiggins that the defendant "was doing pretty well" and "didn't slow down." Accordingly, the only question for decision is whether this conduct, in violation of statute, shows such a degree of negligence as to be criminal negligence authorizing a verdict of guilty of involuntary manslaughter in the commission of an unlawful act. In *Cain v. State,* 55 *Ga. App.* 376, 380 (190 S. E. 371), it is held: "Under our law, criminal negligence may be either gross or wilful and wanton negligence, but not merely slight or ordinary. . . If [the defendant] acts in violation of a positive statute and his violation is the direct cause of the injury or death, the intent may be implied, although it is ultimately a matter for the jury to determine under instructions given by the court." It cannot be said as a matter of law that the defendant's negligence in blindly following another vehicle into the left lane of traffic, and then in attempting to pass both cars after the one ahead of him had pulled back in line (no emergency being shown which prevented him from also slowing his speed and following the lead car back to the right side of the road), was no more than ordinary negligence. Accordingly,

the general grounds of the motion for a new trial are without merit.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*