39128.   COOK v. PARRISH.

DECIDED NOVEMBER 28, 1961—REHEARING DENIED DECEMBER 12, 1961.

*E. B. Jones, Jr., Howe & Murphy, Harold L. Murphy,* for plaintiff in error.

*Murphy & Murphy, James R. Murphy, Thomas B. Murphy,* contra.

JORDAN, Judge. While it is alleged in the petition that the defendant was negligent in striking the sign post, up-ending it, and thereby creating the alleged defective and dangerous condition, the instant cause of action against the defendant is predicated upon his failure to act either to eliminate the dangerous condition allegedly created by him or to give warning of its presence. Accordingly, the general demurrer presents the question as to whether the defendant, under the facts and circumstances in this case, was under any duty to act in the manner contended. If this defendant was under no such duty, then as a matter of law the petition could not set forth a cause of action against him since it is an elementary principle that the failure to act where there is no duty to do so will not give rise to rights in another. *Atlanta Gas Light Co. v. Jennings,* 86 Ga. App. 868 (72 SE2d 735).

"If one negligently creates a dangerous situation it may generally be said that it becomes his duty to do something about it so as to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights and in the exercise of ordinary care for their own safety may be injured thereby." *Hardy v. Brooks,* 103 Ga. App. 124, 126 (118 SE2d 492).

While the instant petition alleges that the defendant negligently created a defective, unsafe and dangerous condition to the lawful users of the public parking area, and that he should have reasonably foreseen that such lawful users of the public parking area would be subsequently injured thereby, the facts alleged are insufficient to support these conclusions.

There are no allegations that the hole, which was alleged to have been 16 inches wide and 12 inches deep, was camouflaged or concealed, wholly or partially, in any manner, or that it could not be readily seen by those who would subsequently be using the parking area. Nor were there alleged any special circumstances present which would have magnified the likelihood

of danger of the condition created by the defendant. Accordingly, since this case is being considered on general demurrer, in the absence of such allegations it must be presumed that the alleged defect was visible and apparent and could have been observed by others who would be using the parking area.

Ordinary care, which is the test of the defendant's liability in a case such as this, simply requires the exercise of due care under the circumstances, which involves a degree of caution commensurate with the danger involved. *Armor Gas Corp. v. Davis*, 93 Ga. App. 563, 565 (92 SE2d 244). One is not liable for injury to another where his duty is that of ordinary care merely because of failure to exercise that degree of care which would have absolutely prevented injury. *Richardson v. Pollard*, 57 Ga. App. 777 (196 SE 199).

Under the alleged facts and circumstances of this case, it cannot be said that the condition created by the alleged negligence of the defendant was so dangerous as to be regarded as sufficient to charge the defendant in the exercise of ordinary diligence with knowledge of the probability of an injury being caused thereby unless he took some affirmative action to do something about it.

Accordingly, while it was the duty of the defendant to notify the proper authorities of the defect in the parking area (and it is not alleged in the petition that he failed to give such notice), there was no duty devolving upon him to barricade the area, station a watchman there or take other steps to give warning of the defective condition of the parking area, until those responsible could act, as contended by the plaintiff.

It follows, therefore, that the allegations in the instant petition did not show that the defendant neglected any duty which it owed to the plaintiff, and the trial court properly sustained the general demurrer thereto.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*