### 43387. MOORE v. CROWE.

DEEN, Judge. 1. Testimony of a witness that an object in a photograph "looks like" the object about which he is testifying is sufficient to allow the admission of the pictorial representation in evidence. *Elliott v. Ga. Power Co.,* 58 Ga. App. 151 (197 SE 914). As to identifying marks placed on a

photograph to call attention to some particular feature of the pictorial representation material to the case and which have been identified by a witness, these are almost without exception held proper when they in fact aid one looking at the photograph to understand what the witness is talking about. Hamdorf v. Corrie, 251 Iowa 896 (101 NW2d 836); State v. Malone, (Mo.) 301 SW2d 750; Wilson v. Kenyon, 120 NYS2d 638. Where the mark relates only to hearsay testimony, however, an objection based on this ground is good. *Green v. State,* 112 Ga. App. 329 (2) (145 SE2d 80). In the present case there was a conflict of testimony as to whether the deceased child for the value of whose life the plaintiff was suing was hit by the right or left wheel of the truck driven by the defendant. Admission of an otherwise properly authenticated photograph of a left rear wheel and tire, the latter containing several marks along its side, was not error because one of the marks was ringed in red to show that it was the mark referred to by a state trooper who examined it immediately after the collision and who testified that it was "very, very similar to the one that I saw at the time of the accident" and which had appeared to him at that time to have been newly made because it was not as dirty as the rest of the tire. Such evidence is circumstantial but not hearsay.

2. The testimony of one of the witnesses in this case would have authorized the conclusion that the defendant's truck ran off the edge of the road, hit a child playing along the right of way and tossed the body into approximately the center of the road. Testimony of other witnesses supports the conclusion that the child, originally on the right-hand side of the road, ran across in front of the defendant's truck, which was traveling at a reasonable rate of speed, and then unaccountably and without warning doubled back in front of the vehicle, that the defendant turned abruptly to the right and the front part of the vehicle missed the child, but he ran into the left rear. Under the latter set of circumstances a charge on due care where one is faced with a sudden emergency was proper. *Moon v. Kimberly,* 116 Ga. App. 74 (2) (156 SE2d 414). There is no contention that the instruction as given was incorrect as an abstract principle of law.

3. "It is not a good exception to a charge which states a correct principle of law applicable to a case that it does not include another applicable principle." *Armstrong v. Bailey,* 114 Ga.

App. 269 (3) (150 SE2d 693). Where the court correctly instructed the jury on the issue of avoidance of injury due to another by a child of tender years, the mere fact that the converse of the rule was not stated in immediate connection therewith would not in any event be error in the absence of a request for fuller instructions.

4. No error is shown in the seventh ground of the amendment to the motion for new trial. Where the plaintiff's petition had a specification of negligence as follows: "failing to reduce and slow the speed of said truck and to travel at an appropriately reduced speed when a special hazard existed, to wit: the meeting of another large truck on a narrow roadway at a time when plaintiff's son was standing upon the shoulder of said roadway," a request by the defendant to instruct the jury that, as to this specification of negligence, if they found either that the truck was traveling at an appropriately reduced speed or that the child was not standing upon the shoulder they should find for the defendant, was not improper as stating an abstractly unsound principle of law.

5. Objections to the charge not urged before the trial court prior to verdict are not here considered. *Biddinger v. Fletcher*, 116 Ga. App. 532 (157 SE2d 764). As to the general grounds, the verdict for the defendant is supported by the testimony of witnesses who saw the child, after running across the road in front of the defendant's truck, dart suddenly back and collide with the left rear portion of the vehicle.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED JANUARY 15, 1968—DECIDED FEBRUARY 9, 1968.

*Hoyt L. Bradford, Charles H. Hyatt, Searcy Garrison,* for appellant.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., Robert L. Pennington,* for appellee.