43252. KENNEDY v. BANKS.

ARGUED JANUARY 5, 1968—DECIDED FEBRUARY 9, 1968.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Edward R. Moore,* for appellant.

*Lawson E. Thompson,* for appellee.

DEEN, Judge. 1. There is nothing to indicate that the defendant was traveling at an excessive or illegal speed, that he did not have his car under control, that he was not paying attention, that the vehicle was not in good mechanical condition, or that the view was obstructed. The only real question in the case may be thus stated: where a motor vehicle operator who is otherwise in the exercise of due care has actual knowledge of the presence of a child at the side of the road (he having seen the child cross the highway to the mailbox, and thus perhaps being chargeable with knowledge that it would return to the house), and when he also sees the child watching approaching traffic, and actually looking at his approaching car, under such circumstances might the minds of reasonable men differ on the question of whether these facts should cause him to anticipate that the child would suddenly attempt to run back across the road? Under somewhat similar circumstances a verdict for the defendant was upheld in *Richardson v. Barrett,* 90 Ga. App. 714 (84 SE2d 120). There, however, the defendant stopped almost instantly and without skidding; here the defendant had his car under control to the extent that, under his testimony, he stopped after skidding 100 feet, but the child ran into his path when he was less than half this distance away and thus unable to stop. "A motorist, in approaching children on the street, must consider their tenderness of age and the probability of their making sudden and erratic movements peculiar to such age as factors calling for greater caution than would be necessary on the discovery of adults in the same situation. He is not justified in assuming that a child will exercise the same degree of care for his safety as an adult would under the circumstances, nor is he justified in presuming that a child near highway will remain in place of safety." Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 2A, p. 402, § 1497; Mainz v. Lund, 18 Wis. 2d 633 (119 NW2d 334); McGough Bakeries Corp. v. Reynolds, 250 Ala. 592 (35 S2d 332); Paschka v. Carsten, 231 Iowa 1185 (3 NW2d 542); Price v. Burton, 155 Va. 229 (154 SE 499). See also *Glover v. Dixon,*

63 Ga. App. 592, 598 (11 SE2d 402). "Motorists owe very young children a greater duty than they owe to normal adults. 38 AmJur 685, § 40; 14 ALR 1180; 67 ALR 317; *Huckabee v. Grace,* 48 Ga. App. 621 (173 SE 744); *Cohn v. Buhler,* 30 Ga. App. 14 (116 SE 864); *City Ice Delivery Co. v. Turley,* 44 Ga. App. 32 (160 SE 517)." *Christian v. Smith,* 78 Ga. App. 603, 606 (51 SE2d 857). Under all the circumstances, the question is for jury determination and the trial court properly denied the motion for summary judgment.

2. We have examined the appellant's various objections to an affidavit offered by appellee. Since the case is decided without reference to this affidavit, and since none of the objections urged to it will affect the trial of the case, it is unnecessary to consider them further.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*