44011. HIEBER, by Next Friend v. WATT et al.

ARGUED OCTOBER 7, 1968—DECIDED JANUARY 7, 1969.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Meade Burns, Reed & Tate, Berl T. Tate,* for appellant.

*Eugene G. Partain, Jack M. McLaughlin, Powell, Goldstein, Frazer & Murphy,* for appellees.

EBERHARDT, Judge. ■ We find no error in the overruling of the general grounds of the motion for new trial. The duty of the operator of an automobile, relative to persons and property on the highway, is invariably that of exercising ordinary care, "such care being that of every prudent man. . . But the care of a prudent man varies according to the circumstances, dependent upon the degree of danger." *Giles v. Voiles,* 144 Ga. 853, 855 (88 SE 207). And, "There is no absolute presumption of negligence in any case under our law." *Chenall v. Palmer Brick Co.,* 117 Ga. 106, 108 (43 SE 443). "Even where an act constitutes negligence as a matter of law as being in violation of a duty created by statute or valid municipal ordinance, the commission of the act would not raise a presumption of liability against the negligent party for it must further be shown that said act was the proximate cause of the alleged injury." *Griffin v. Odum,* 108 Ga. App. 572, 577 (133 SE2d 910).

Thus, in this, as in most other negligence cases, a jury question was presented when reasonable minds might differ as to what inferences may be drawn from the evidence produced.

Whether the sudden going into the street by the child when the defendant was at a distance of eight or ten feet from where he stood at the curb produced an emergency situation insofar as the defendant was concerned, and whether what she did in attempting to stop and control the vehicle and avoid striking the child amounted to ordinary care under the circumstances were jury questions. *Russell v. Corley,* 212 Ga. 121 (91 SE2d 24); *White v. Seaboard A. L. R.,* 14 Ga. App. 139 (1b) (80 SE 667); *Riggs v. Watson,* 77 Ga. App. 62, 66 (4) (47 SE2d 900); *Doyle v. Dyer,* 77 Ga. App. 266 (48 SE2d 488); *Christian v. Smith,* 78 Ga. App. 603, 607 (51 SE2d 857); *Gatewood v. Vaughn,* 86 Ga. App. 823, 826 (72 SE2d 728); *Richardson v. Barrett,* 90 Ga. App. 714 (84 SE2d 120); *Etheridge v. Hooper,* 104 Ga. App. 227 (121 SE2d 323); *Moore v. Crowe,* 117 Ga. App. 213 (2) (160 SE2d 406).

To reach a different conclusion it would be necessary that we hold the defendant to have been guilty of common law negligence as a matter of law. It was for the jury to say whether, as a matter of fact, she was guilty of the negligence charged.

"The law placed upon the defendant the duty to use ordinary care, or such care as every prudent man should have exercised under the same or similar circumstances, after the child was or in the exercise of ordinary care on his part should have been seen by him, to avoid injuring her." *Cohn v. Buhler*, 30 Ga. App. 14, 17 (116 SE 864).

"Where the duty is that of ordinary care, one is not negligent (or contributorily negligent) merely because of failure to exercise that degree of care which would have absolutely prevented injury. *Louisville & Nashville R. Co. v. Rogers*, 136 Ga. 674 (71 SE 1102) ; *Richardson v. Pollard*, 57 Ga. App. 777, 781 (196 SE 199) ; *Cook v. Parrish*, 105 Ga. App. 95, 100 (123 SE2d 409) ." *Seagraves v. ABCO Mfg. Co.*, 118 Ga. App. 414, 419 (164 SE2d 242).

"Where a motorist who is otherwise guilty of no act of negligence in operating a vehicle on a public highway actually sees a very young child unattended at the side of the road under circumstances from which a jury might infer that he should anticipate that the child might dart into the road, whether or not he is negligent in not guarding against such an eventuality cannot be determined by the court as a matter of law." *Kennedy v. Banks*, 117 Ga. App. 197 (160 SE2d 208).

It does not appear from the evidence that the defendant was "otherwise guilty" of negligence. She violated no speed law; she kept a lookout ahead; she kept to her side of the road; she kept her foot on the brake pedal in readiness if she should need to stop when she approached the point where the child stood, and applied the brakes as soon as she saw him dart out into the road; she turned to the right, even onto the curb, in exerting every effort to avoid the child. The distance was simply too short to enable her to bring the vehicle to a stop before striking the boy, even at the slow speed at which she traveled. As to her failure to sound the horn, see *Huckabee v. Grace*, 48 Ga. App. 621 (9) (173 SE 744) ; *Wells v. Alderman*, 117 Ga. App. 724 (6) (162 SE2d 18).

It is our duty to construe the evidence to uphold the verdict instead of upsetting it. *Associated Mutuals, Inc. v. Pope Lumber Co.*, 200 Ga. 487, 496 (37 SE2d 393); *Brown v. Meador*, 83 Ga. 406 (9 SE 681), particularly if there is any evidence to support it. *First Joint Stock Land Bank of Montgomery v. Sasser*, 185 Ga. 417 (195 SE 143). This we do.

If the evidence raises jury questions, as it unquestionably does (see *Cohn v. Buhler*, 30 Ga. App. 14, supra), it cannot be said that there is no evidence to support the verdict.

■ Appellant contends that a charge on the law of accident was error as a matter of law because the evidence demanded a finding that the defendant was or was not negligent and that it could afford no basis of any finding of accident. We do not agree.

"An accident, as the term is used in connection with cases of this character, means an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. . . . A charge that if the injury resulted from an accident, and neither party was at fault, there can be no recovery, is in the nature of an elaboration or additional statement of the proposition that the defendant is not liable if it is without fault." *Savannah Electric Co. v. Jackson*, 132 Ga. 559, 563 (64 SE 680). Accord: *Black & White Cab Co. v. Cowden*, 64 Ga. App. 477, 481 (13 SE2d 724). And, as the Supreme Court points out in that connection, "that the defendant itself is free from fault furnishes it a defense, not that the plaintiff is faultless." The entire absence of blame on the part of a plaintiff does not necessarily establish a fault on the part of the defendant, since an accident may be a mere casualty for which no one is to blame, and where the facts are such as might reasonably support the inference that an accident may have been thus occasioned, no presumption can arise that the accident was caused by negligence or by the particular acts or omissions charged against the defendant. *Chenall v. Palmer Brick Co.*, 117 Ga. 106, supra.

"[W]here, as here, there was evidence to sustain a finding by the jury that the defendant was not lacking in proper care to the plaintiffs under the law, the theory of accident was involved and this being so, it was not error . . . to give an

instruction thereon. [Citations]." *Richter v. Atlantic Co.,* 65 Ga. App. 605, 609 (16 SE2d 259). To the same effect, see *Ware v. Alston,* 112 Ga. App. 627, 631 (2) (145 SE2d 721).

The matter of accident was put in issue by the defendant's answer, and this rendered the charge on that subject appropriate. *Smith v. Kleinberg,* 49 Ga. App. 194 (174 SE 731); *Pickering v. Wagnon,* 91 Ga. App. 610, 613 (86 SE2d 621); *Boatright v. Sosebee,* 108 Ga. App. 19, 21 (132 SE2d 155).

■ Appellant enumerates as error a charge on the matter of sudden emergency, contending that the evidence did not authorize a finding of emergency. We disagree. The defendant testified that when she was no more than eight to ten feet from the place where the boy stood at the curb he suddenly darted into the street, in front of her car, and that she then took all possible steps to stop the vehicle and turn it away from him. "Whether an emergency existed or not, that issue, like all questions of diligence, negligence, contributory negligence and proximate cause except in plain and indisputable cases, was a question for determination by the jury. *Dabbs v. Rome R. &c. Co.,* 8 Ga. App. 350, 359 (69 SE 38); *Olliff v. Howard,* 33 Ga. App. 778, 781 (127 SE 821); *Brown v. Savannah Electric &c. Co.,* 46 Ga. App. 393, 399 (167 SE 773); *Gatewood v. Vaughn,* 86 Ga. App. 823, 827 (72 SE2d 728). Assuming arguendo, as plaintiff contends, that the evidence shows that the defendant had ample time and distance and available courses of conduct by which he might have averted the collision, that alone does not mean that there was no emergency. Indeed, the emergency doctrine, by its very nature, *presupposes* the existence of factors like these. . . ." *Ware v. Alston,* 112 Ga. App. 627, 630, supra. See also, *Riggs v. Watson,* 77 Ga. App. 62, 66 (4), supra; *Pickering v. Wagnon,* 91 Ga. App. 610, 613, supra; *Moore v. Crowe,* 117 Ga. App. 213 (2), supra. Cf. *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849).

■ Plaintiff made written request for a charge that "a motorist owes a greater degree of care to a child such as Timothy Hieber than would be owed to a normal adult and in this connection I charge you that children must be expected to act upon childish instincts and impulses, and not to exercise the discretion

and prudence necessary for their safety, with regard to dangerous agencies. A motorist, upon approaching children on the street, must consider their tenderness of age and the probability of their making sudden and erratic movements peculiar to such age as factors calling for greater caution than would be necessary on the discovery of adults in the same situation. The motorist is not justified in assuming that a child will exercise the same degree of care for his safety as an adult would under the circumstances, nor is he justified in presuming that a child near a street will remain in a place of safety."

The request was denied, and plaintiff excepted on the ground that it was a correct abstract statement of the law, applicable to the facts of the case and that it had not been covered by the general charge.

This was not a correct statement of the law. The legal requisite of the motorist as to parties on the street or highway, whether in other vehicles or as pedestrians, and whether child or adult, is the exercise of *ordinary* care, as has been pointed out in *Russell v. Corley*, 212 Ga. 121, supra, and other cases cited in Division 1. The jury is entitled, of course, to consider the circumstances, including capacity or lack of capacity of the child because of its tender age, in determining whether the defendant exercised ordinary care as to it. What amounts to ordinary care in some circumstances does not in others. As the court charged, the child here could not be charged with contributory negligence or with failure to exercise ordinary care for his own safety, and that was a circumstance which the jury was entitled to consider in determining whether the defendant had exercised ordinary care as to it. *Huckabee v. Grace*, 48 Ga. App. 621 (8), supra.

While it is stated in *Christian v. Smith*, 78 Ga. App. 603, 606, supra, that "Motorists owe very young children a greater duty than they owe to normal adults," citing several of our prior cases as authority, if this statement is to be taken as requiring more than ordinary care in the light of the circumstances it is contrary to the well settled law as determined by the Supreme Court and this court in prior cases, is unsupported by the cases cited, and cannot be followed. Moreover, language

found in an opinion may be wholly inappropriate for use in a charge to the jury. *Southern Cotton Oil Co. v. Skipper,* 125 Ga. 368 (9) (54 SE 110).

The other portion of the request, lifted from the opinion in *Kennedy v. Banks,* 117 Ga. App. 197, supra, with some changes and rearrangements of the language, is subject to the criticism that it instructs in specifics what a prudent motorist should or should not do, when that is a question for resolution by the jury. For example, the jury is told that a motorist *must* consider the tenderness of age of a child and the probability of it making sudden and erratic movements, when in fact the jury may consider whether the exercise of ordinary care required that he do so in the light of the facts and circumstances proven. See *Bennett v. George,* 105 Ga. App. 527, 530 (125 SE2d 122); *Hennemier v. Morris,* 48 Ga. App. 840 (173 SE 924); *Davis v. Whitcomb,* 30 Ga. App. 497 (2, 4) (118 SE 488). Again, language found in an opinion may be wholly inappropriate for use in a charge to the jury.

Refusal to give the request was proper.

■ Defendant tendered and the court admitted into evidence a copy of § 30.199 of the Traffic Code of the City of Atlanta, together with the adopting ordinance, duly certified—showing, according to the minutes of the mayor and aldermen, the code to have been adopted August 5, 1957. It was objected to on the ground that the certificate did not show the ordinance and code section to have been a valid one on the date of the occurrence here in question, January 6, 1964. The objection was overruled, and we think properly so. *Cambron v. Cogburn,* 118 Ga. App. 454 (1) (164 SE2d 350); *Nashville, C. & St. L. R. v. Peavler,* 134 Ga. 618 (2) (68 SE 432). "It will be presumed that a municipal ordinance is valid, and the burden of establishing its invalidity is on the person asserting it." *Hamilton v. North Ga. Elec. &c. Corp.,* 201 Ga. 689, 690 (40 SE2d 750). Thus, if plaintiff contended that the ordinance had been altered or repealed after its adoption and for that reason was not in effect on the date of the occurrence, he must show that to be the case.

While there is no attack on the validity of the ordinance other than the contended failure of the clerk's certificate to establish

that it was in effect on the date of the occurrence, it is to be noted that the ordinance was substantially the same as that dealt with in *Russell v. Corley*, 212 Ga. 121, supra, and admission of the ordinance was proper.

■ Defendant introduced a letter written by one doctor to another concerning his findings as to the progress of the child in recovering from his injury. It was objected to on the ground that the contents of the letter were hearsay, the doctor who wrote it having appeared as a witness.

Any error in admitting the letter was harmless inasmuch as the jury returned a verdict for the defendant, thereby finding no liability on his part. The letter went entirely to the extent of the child's recovery from his injuries, and thus only to the measure of damages—not to the matter of liability. *McBride v. Ga. R. & Elect. Co.*, 125 Ga. 515 (1) (54 SE 674); *Robinson v. Murray*, 198 Ga. 690 (2) (32 SE2d 496); *Parsons v. Grant*, 95 Ga. App. 431, 435 (98 SE2d 219); *Paulk v. Thomas*, 115 Ga. App. 436, 442 (154 SE2d 872); *Stubbs v. Greyhound Lines, Inc.*, 116 Ga. App. 58 (2) (156 SE2d 474).

*Judgment affirmed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Whitman, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. If I did not actually know, I would hardly believe that the arguments and citations of law in the majority opinion relate to this case. The fallacy in the majority opinion is the failure to appreciate the significance of the defendant's solemn sworn statement that she *"did not antici-pate him to do anything but stand there at the curb,"* which means that she did not anticipate that he would dart or get out suddenly in front of her. Thus, it seems to me the majority is deciding a *"sudden unforeseeable appearance"* case—not the one we are actually deciding. The sudden appearance doctrine arises from a situation in which a sudden appearance could not be anticipated before the motorist becomes aware of the child or person injured and then the question is: could the driver have avoided the injuries by ordinary care *after* the person injured is discovered? *Kennedy v. Banks*, 117 Ga. App. 197, 199 (160 SE2d 208), ruled that a child of tender years could not be presumed to continue in a place of safety in such a situation as

we have in this case. This ruling simply means that the appellee should have anticipated that the child would run or walk suddenly in front of her automobile. The appellee supplied the first ingredient of her negligence, the failure to anticipate the action of the child, and the uncontradicted facts of her not slowing down *more* and her not doing anything to protect the child in the face of a fact which she should have anticipated supply the second ingredient of her negligence. I do not see how any ordinarily prudent person could conclude that if the appellee had made the correct assumption that the child might get suddenly out in front of her she could have avoided the collision by the exercise of ordinary care. The facts are undisputed and to me a ruling that the jury could have found either way means that the next time this question comes up a contrary finding may be approved. What kind of justice is that? I do not believe that any case cited is inconsistent with this conclusion. I am of the opinion that *Richardson v. Barrett,* 90 Ga. App. 714 (84 SE2d 120) and *Russell v. Corley,* 212 Ga. 121 (91 SE2d 124) should be overruled. The *Richardson* case closely resembles this one. *The ruling in the Russell case gives a jury a right to say that an adult motorist has the right of way over a child of tender years in such a case as this.* This point was not made in this case evidently due to the *Russell* decision. The evidence demanded a finding of negligence against the defendant. This conclusion covers the issues of the charges on accident and sudden emergency. The appellee cannot have protection against an emergency which she created.

"The amount of caution 'demanded of a person by an occasion is the resultant of three factors: the likelihood that his conduct will injure others, taken with the seriousness of the injury if it happens, and balanced against the interest which he must sacrifice to avoid the risk.' " Harper & James, The Law of Torts, Vol. 2, p. 929, § 16.9, quoting Judge Hand in Conway v. O'Brien, 111 F2d 611, 612 (2d Cir. 1940).

"Generally it is for a jury to say what the reasonable man would foresee. . . Here as elsewhere in the law, however, courts have put outer limitations on the jury's sphere and have themselves struck the balance among the variable factors we

have been discussing by the adoption of some more or less crystallized rules. . . The question of what risks a reasonable man would foresee is also generally left to the jury subject to the usual limitation that *the jury will not be allowed to make an altogether irrational judgment on the matter.* . . [T]he exercise of due care in an emergency will not insulate an actor from liability for the consequences of the negligence that helped to bring the emergency about. *Thus even though a motorist driving at excessive speed does everything that could be done to avoid striking the child who darts out into his path, these precautions taken in the emergency (while constituting due care) will not excuse the driver from liability for the excessive speed.*

"Another thing should be noted here. *Failure to make some provision for possible emergencies may constitute negligence. In many activities the occurrence of certain types of emergencies is likely enough to call for reasonable steps to meet them.*" Harper & James, The Law of Torts, Vol. 2, pp. 936, 938, §§ 16.10, 16.11. (Emphases supplied.)

"The case where the conduct of the other person (i. e., other than the actor whose conduct is being judged) is itself that of a normal, reasonably prudent adult, gives no trouble at all. Such conduct the actor is bound to take into account if under the circumstances of the case it is reasonably foreseeable. . . *The obligation to regulate one's conduct with a view to other people's disabilities and their sub-standard conduct should stand no differently.* People generally *do* take extra precautions when they drive past a crowd of young children playing by the roadside. . . There are several types of situations where this notion has been applied. . . (1) Where something specific about the situation gives notice of the likelihood of the other person's disability or his substandard conduct. . . (2) Where the actor's conduct . . . is likely to affect an indeterminate number of people, among whom there will in all probability be some children. . . (3) *Where something specific about the situation gives notice of the likelihood of the other person's probable negligence or crime.*" Harper & James, The Law of Torts, Vol. 2, p. 940, § 16.12. (First and third emphases supplied.)

"If the rule against excessive speed be viewed as simply designed to prevent automobile accidents or the striking of pedestrians, collision will be seen to have arisen out of the breach of duty if a reasonable speed would not have brought the car to the point of collision when the child was there. Yet if the child darted out from behind a tree on a lonely road immediately in front of defendant's automobile so that the accident would have been unavoidable *then* even if defendant had been proceeding at a reasonable rate, most courts will not hold him. The hazards peculiar to speed are those involved in diminished control of the vehicle. . . While it is negligent to speed on an ordinary highway because of the risk of bringing about injury through diminished control, it might be negligent to drive a car in some places crowded with pedestrians at any speed or under any practicable degree of control because of the likelihood of striking someone in any manner at all." Harper & James, The Law of Torts, Vol. 2, p. 1148, § 20.5.