## 45329. LANG v. JACKSON et al.

PANNELL, Judge. The plaintiff, Lang, was a guest passenger in an automobile, driven by the defendant Jackson, which ran off a public highway and overturned, causing personal injuries for

which he sought recovery from Jackson's insurer for medical expenses under the provisions of the policy, and damages from Jackson as a guest passenger whose injuries were proximately caused by Jackson's alleged gross negligence. The issue between the plaintiff and the defendant insurance company has been settled, and the plaintiff appeals to this court from the grant of summary judgment in favor of the individual defendant. *Held:*

Whether an emergency situation was actually existing, or if not actually existing, the defendant, in the exercise of ordinary care, properly thought there was one, and whether what he did in attempting to stop and control the vehicle and avoid striking the dog or approaching automobile amounted to the care required under the circumstances were jury questions. See *Hieber v. Watt,* 119 Ga. App. 5, 7 (165 SE2d 899), citing *Russell v. Corley,* 212 Ga. 121 (91 SE2d 24); *White v. Seaboard A. L. R.,* 14 Ga. App. 139 (1b) (80 SE 667); *Riggs v. Watson,* 77 Ga. App. 62, 66 (4) (47 SE2d 900); *Doyle v. Dyer,* 77 Ga. App. 266 (48 SE2d 488); *Christian v. Smith,* 78 Ga. App. 603, 607 (51 SE2d 857); *Gatewood v. Vaughn,* 86 Ga. App. 823, 826 (72 SE2d 728); *Richardson v. Barrett,* 90 Ga. App. 714 (84 SE2d 120); *Etheridge v. Hooper,* 104 Ga. App. 227 (121 SE2d 323); *Moore v. Crowe,* 117 Ga. App. 213 (2) (160 SE2d 406). In our opinion, the trial court erred in granting the summary judgment in favor of the individual defendant.

*Judgment reversed. Bell, C. J., Hall, P. J., Deen, Quillian, and Whitman, JJ., concur. Evans, J., concurs specially. Jordan, P. J., and Eberhardt, J., dissent.*

Argued May 5, 1970—Decided November 16, 1970.

*Neely, Freeman & Hawkins, Thomas H. Harper, Jr.,* for appellant.

*Edwards, Bentley, Awtrey & Parker, Fred D. Bentley, Sr.,* for appellees.

Evans, Judge, concurring specially. I concur in the judgment of reversal and in the majority opinion written by Judge Pannell. However, I feel inclined to add that it appears that the defendant's position is supported only by his own testimony, and in such cases it has been held many times a jury is not required to be-

lieve a party so testifying. See *Laramore v. Minish,* 43 Ga. 282, 287; *Penny v. Vincent,* 49 Ga. 473, 475; *Amis v. Cameron,* 55 Ga. 449 (3); *Armstrong v. Ballew,* 118 Ga. 168 (2) (44 SE 996); *Bell v. Proctor,* 212 Ga. 325, 327 (92 SE2d 514); *Hinchcliffe v. Pinson,* 87 Ga. App. 526 (74 SE2d 497). Since a jury was not required to believe him, he would not be entitled to a summary judgment based on his testimony alone.

JORDAN, Presiding Judge, dissenting. The facts are in substantial accord. It appears that the defendant, with the plaintiff as a passenger, was on the way to the plaintiff's home for dinner, after having taken the defendant's maid to her home. It was about dusk, and he was proceeding along a public highway at a lawful rate of speed. A large dog suddenly appeared from the left moving on what appeared to be a collision course with the automobile, and the plaintiff said, "Don, look out for the dog." About the same time the defendant observed the dog and an oncoming automobile in the opposite lane, and it appeared to the defendant that the lights on this automobile flickered, creating to him the impression that it might be veering into his lane. He steered to the right and the automobile left the roadway and eventually turned over.

In my view the defendant took the normal evasive action which a driver might be expected to take when confronted with an obvious emergency situation. The law does not impose any duty on the driver of an automobile to guard against sudden, unforeseen and not reasonably to be anticipated acts of an animal. *Cone v. Davis,* 66 Ga. App. 229 (3) (17 SE2d 849), reversing a jury verdict for the plaintiff under facts almost identical to the facts here. In that case "The driver of an automobile, confronted with a sudden emergency by a hog appearing on a highway, suddenly applied his brakes to avoid a collision with the hog, with the result that another automobile, following at a distance of approximately forty feet, collided with the rear of the front car, and a guest riding in the rear car was injured. *Held:* In an action by said guest against the driver of the front car, such driver was not negligent when he was confronted with a sudden peril, not arising from any fault of his own, in attempting to avoid bodily harm to himself, in choosing one of two alternatives presented, either of which might fairly be chosen by a reasonably prudent person, even though in so act-

ing he injured another person (a guest in the rear car) who did not in any way contribute to the condition creating the peril."

The majority opinion makes no effort, if indeed it can, to distinguish the holding in *Cone,* supra, from what is said in this case. If what is held in *Cone* is no longer the law in this State, then this court should overrule it.

The evidence as a whole, viewed in the light most favorable to the party opposing the motion, conclusively negates any basis whereby a jury could determine that any act or omissions of the defendant amounted to gross negligence or from which a jury could determine that the defendant failed to exercise that degree of care "which every man of common sense, *however inattentive he may be,* exercises under the same or similar circumstances" (*Code* § 105-203) which proximately caused the plaintiff's injuries.

Under this statement of facts the trial court was eminently correct in granting the defendant's motion for summary judgment.

I am authorized to state that Judge Eberhardt concurs in this dissent.